160 So. 425

**STATE v. MAJOR.**

In re STATE ex rel. STANLEY, Dist. Atty.

No. 33277.

March 4, 1935.

Eugene Stanley and J. B. Cocke, both of New Orleans, for applicant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and E. E. Breckwoldt, of New Orleans, for Attorney General and others.

O'NIELL, Chief Justice.

The district attorney for the parish of Orleans has brought up by writ of certiorari the question of constitutionality of Act No. 24 of the First Extra Session of 1934. The statute purports to amend article 17 of the Code of Criminal Procedure so as to confer upon the Attorney General absolute author-. ity to relieve, supplant, and supersede a district attorney in any criminal proceeding when he, the Attorney General, may deem it necessary for the protection of the rights and interests of the state.

The question of constitutionality of the statute arose in consequence of the arrest of one A. J. Major, who was employed as an inspector for the supervisor of public accounts. The district attorney filed a bill of information against Major for carrying a concealed weapon. Major claimed that he was employed also as an agent of the bureau of criminal identification and investigation, that he was under assignment to his official duties at the time of his arrest, and was therefore allowed, by a provision in section 12 of Act No. 9, of the First Extra Session of 1934, to carry concealed weapons. Major conferred with an Assistant Attorney General, and he, in turn, notified the district attorney, in writing, that he, the Assistant Attorney General, acting under authority of section 56 of article 7 of the Constitution, and Act No. 24 of the First Extra Session of 1934, amending article 17 of the Code of Criminal Procedure, would relieve the district attorney of further prosecution of the case against Major. The district attorney replied that he considered Act No. 24 of the First Extra Session of 1934 unconstitutional, and therefore respectfully declined to recognize the authority claimed by the Attorney General, or Assistant Attorney General, to relieve or supersede a district attorney in a criminal prosecution where there was no failure or neglect of duty, or disqualification, on the part of the district attorney. He respectfully invited the Assistant Attorney General to file a formal motion in the criminal district court, to obtain a ruling on the question at issue between them. The Assistant Attorney General filed the motion, and the judge directed the district attorney to show cause why the Assistant Attorney General should not be allowed to re-

lieve and supersede the district attorney in the prosecution of Major. The district attorney pleaded, substantially, as he had answered the letter of the Assistant Attorney General; and, after hearing arguments on both sides of the question, the judge decided that Act No. 24 of the First Extra Session of 1934 was not unconstitutional, and that the Assistant Attorney General should be allowed to relieve and supersede the district attorney in the prosecution of Major.

We are not concerned now with the question whether Major was guilty of carrying a concealed weapon, or whether, if he did carry a concealed weapon, he was at the time authorized so to do by the provision in section 12 of Act No. 9 of the First Extra Session of 1934, purporting to allow all officers, agents, and employees of the bureau of criminal identification and investigation to carry weapons, concealed or unconcealed, while in the actual performance of any duty or while under assignment to any duty vested in them by the statute. That is a matter to be determined on the trial of the case against Major if the district attorney or the Attorney General, as the case may be, shall elect to go on with the prosecution.

We have nothing to do with the question of expediency of Act No. 24 of the First Extra Session of 1934. It is written in the Civil Code (article 20) and is universally recognized that they whose duty is merely to interpret the laws have no right to classify them "into odious laws and laws entitled to favor." Any argument on that subject would be beside the question of constitutionality of the statute.

The argument of the district attorney is that the authority of the Attorney General or an Assistant Attorney General to relieve or supersede a district attorney is defined in section 56 of article 7 of the Constitution, and is thereby limited to cases where the intervention of the Attorney General or of an Assistant Attorney General is "necessary for the assertion or protection of the rights and interests of the State," as, for example, where the district attorney fails or neglects, or is disqualified or incompetent, to prosecute the case.

The language of section 56 of article 7 of the Constitution, however, is very broad, viz.:

"* * * They [the Attorney General and the assistants], or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, *as they may deem necessary* for the assertion or protection of the rights and interests of the State. *They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law.*" (The italics are ours.)

The expression "and perform all other duties imposed by law" has reference not only to the duties which were already imposed by law, but also to such appropriate duties as might thereafter be imposed by law. See State v. Cedar Grove Refining Company, 178 La. 810, 152 So. 531, 533, where it was held that the expression "as defined by law," in the Constitution (art. 6, § 22), did not

mean "as already defined by law," but meant as then or thereafter defined by law.

Article 23 of the Code of Criminal Procedure is merely a repetition of the provisions of section 56 of article 7 of the Constitution, with the additional statement that the Attorney General "shall represent the State in criminal cases on appeal."

Article 17 of the Code of Criminal Procedure, before the article was amended by Act No. 24 of the Extra Session of 1934, declared:

"Subject to the supervision of the Attorney General, as hereinafter provided [in article 23], the District Attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute; provided, that every district attorney shall have the right to employ or to accept the assistance in the conduct of any criminal case of such counsel as to him may seem fit."

Act No. 24 of the Extra Session of 1934 merely added to article 17 of the Code of Criminal Procedure this proviso:

"Provided, further, that the Attorney General shall have power to relieve, supplant and supersede the District Attorney in any criminal proceeding, when he may deem it necessary for the protection of the rights and interests of the State, with full power to institute and prosecute criminal proceedings, and the discretion of the Attorney General under this Article shall not be questioned or inquired into by any court."

The only difference between the language of this statute and the article of the Constitution is that, in the statute, the word "supplant" is added to the words "relieve" and "supersede," and the discretion of the Attorney General, in the matter of relieving or superseding a district attorney, is declared absolute. As a matter of fact, the statute has added nothing of importance to the provisions of the Constitution itself. The addition of the word "supplant," to the words "relieve" and "supersede," is only an example of the redundance which too often occurs in law phrases. And the provision that the discretion of the Attorney General in determining when he shall relieve or supersede a district attorney "shall not be questioned or inquired into by any court" means nothing more than that the discretion of the Attorney General in that respect shall be absolute. It is contended by the district attorney that this provision of the statute is an attempt to vest a judicial function in the Attorney General, and to divest the courts of their jurisdiction in the premises, and is therefore unconstitutional. We do not think so. That provision in the statute is superfluous, because the Constitution itself provides that the Attorney General and his assistants shall have the power and authority to institute and prosecute or *to intervene in* criminal proceedings, *as they may deem necessary*, etc. The declaration that the discretion of the Attorney General in that respect shall not be questioned or inquired into by the courts does not interfere with the jurisdiction of the courts to inquire into the result of any criminal prosecution which the Attorney General has instituted or intervened in. It is not necessary to decide now whether an abuse of the discretion which is vested in the Attorney General might be inquired into by the

courts. There is no showing of abuse of discretion in this case. The Assistant Attorney General frankly stated that his reason for desiring to relieve and supersede the district attorney was that their opinions were not in accord on the question whether A. J. Major was allowed by law to carry a concealed weapon at the time of his arrest. Whether that was a sufficient or an insufficient reason for the action of the Assistant Attorney General, his action was not arbitrary.

The ruling complained of is affirmed.