On Rehearing.
 

 ROGERS, Justice
 

 (concurring in part and dissenting in part).
 

 I agree in the holding that the judgment of the District Court, so far as it enjoins
 
 *195
 
 the Attorney General from superseding the District Attorney as the..adviser of the grand jury in the matters set forth in the second letter of the Attorney General addressed to the District Attorney,' is correct. The practical effect of holding otherwise would be to oust the District Attorney from his office in a manner not provided nor contemplated by law. But I do not agree in' the holding that the judgment, so far as it enjoins the Attorney General from superseding the District Attorney in the thr.ee cases of the State of Louisiana against Jerome A. Hayes, referred to in the first letter of the Attorney General, is correct.
 

 The fact that the Attorney General has seen fit to supersede the district attorney in those cases does not have the effect of depriving the district attorney of his office. Notwithstanding such supersession, the district attorney remains the prosecuting officer for his district in all cases and matters
 

 In my opinion the Attorney General has ample authority for his action in the three casés of .the - State of Louisiana against Jerome A. Hayes under the express proviin which he has not been superseded, sions of Article 17 of the Code of Criminal Procedure, as amended by Act No. 24 of the First Extra Session of' 1934, Article 23 of the same Code, and Section 56 of Article VII of the Constitution. I agree that so much of Article 17 of the Code of Criminal Procedure, as amended by Act No. 24 of 1934,
 
 which
 
 prohibits the courts from inquiring into the discretion vested in the Attorney General is unconstitutional because it is violative of Section 6 of Article I of the Constitution, guaranteeing that the courts shall be open to everyone and that every person shall have an adequate remedy for any injury done him. But the unconstitutionality of that portion of the statute does not destroy the other portion of the statute which, in my opinion, is severable and therefore constitutional.
 

 It is plain to me that the primary purpose of the Legislature in enacting the statute was to remove any possible doubt that the Attorney General has the right to take charge of any criminal proceeding in which he might see fit to intervene. The attempt of the Legislature as expressed in-the statute to prevent the courts from interfering with the Attorney General in the exercise of the authority conferred upon him was merely incidental to the main purpose of the law. There is no doubt in my mind that if the members of the Legislature had realized that that portion of the statute would
 
 not
 
 • stand
 
 the test
 
 of judicial inquiry they, nevertheless, would have adopted the statute omitting the unconstitutional portion thereof which was wholly unnecessary to give validity to the law. Nor is there any doubt in my mind that the statute, after striking out the unconstitutional portion thereof, does not violate Section 56 of Article VII of the Constitution. On the contrary, the statute is wholly consistent with the provisions of the constitutional article which authorizes the Attorney General to intervene in all civil and criminal proceedings and to “perform all other duties imposed by law.”
 

 Article 17 of the Code of Criminal Procedure, as amended by Act No. 24 of the
 
 *197
 
 First Extra Session of 1934, expressly authorizes the Attorney General, where he deems it necessary to do so, to take charge of any civil or criminal proceeding.
 

 Article 23 of the Code of Criminal Procedure in its wording is similar to Section 56 of Article VII of the Constitution. Both the statutory provision and the constitutional article confer upon the Attorney General the right to take charge of any civil or criminal proceeding as he might deem necessary in the assertion or protection of the rights and interests of the state, and to exercise supervision over the several District Attorneys throughout the state.
 

 The fact that the framers of the Code of Criminal Procedure substantially reproduced in Article 23 of the Code the language contained in Section 56 of Article VII of the Constitution, does not and can not effect the right of the Legislature by subsequent enactments to enlarge the powers of the Attorney General under the express authority granted by the Constitutional provision itself.
 

 Section 56 of Article VII of the Constitution reads in part as follows: “They (the attorney general and his assistants), or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law.”
 

 I find it impossible to give this constitutional provision the narrow interpretation placed upon it by the majority opinion. The closing sentence of Section 56 of Article VII, that the Attorney General “shall
 
 * *
 
 * perform all other duties imposed by law” indicates to my mind that it was the intention of the framers of the Constitution to leave it wholly within the discretion of the Legislature to enlarge, as, they might see fit, the duties and authority of the Attorney General with regard to his supervision over District Attorneys.
 

 Under the construction placed upon Section 56 of Article VII of the Constitution by the majority opinion, the right of the Attorney General to intervene in any criminal proceeding becomes a purely nugatory right. The construction is wholly inconsistent with the power given by the provision to the Attorney General to supervise the several District Attorneys throughout the State. If the constitutional grant of authority to the Attorney General to intervene in a criminal proceeding is nothing more than a grant of authority to the Attorney General to associate himself with the District Attorney, nothing could prevent the District Attorney from overriding the wishes or disregarding the instructions of the Attorney General in the event of a conflict of opinion arising between them. I respectfully suggest that the framers of the Constitution in adopting Section 56 of Article VII never contemplated any such absurd result.
 

 
 *199
 
 The discretionary right given by the constitutional provision to the Attorney General to intervene in any criminal proceeding necessarily contemplates that the Attorney General is vested with something more than the mere right to appear in the proceeding as a subordinate or assistant to the District Attorney over whom the Attorney General is given supervisory powers by the same provision. Section 56 of Article VII of the Constitution clearly contemplates the vesting of complete authority in- the Attorney General to take charge of any criminal proceeding in which he may deem it necessary to intervene, whether his act in so doing be characterized as an act of intervention, supervision or super-session of the District Attorney. Any other construction of the constitutional provision defeats its manifest purpose, and I can not accept it as correct.
 

 My views in this respect are not adversely affected by the fact that as stated in the majority opinion the Attorney General .testified 'that he only “intervened” and acted with, instead of displacing, the district attorney in a case pending in the Parish of St. Tammany, whereas in the present case he superseded the District Attorney, completely excluding him “from taking any part whatsoever in the matter.” I have no difficulty in reaching the conclusion that where the law empowers the attorney general to intervene and
 
 supersede
 
 the district attorney in any case, he may legally exercise the lesser power to intervene and
 
 act
 
 with the district attorney instead of superseding him.
 

 My analysis of Section 56 of Article VII of the Constitution leads me to a different conclusion from that announced by the majority opinion. As I view it, there is nothing inconsistent in the wording of the constitutional provision. The first part of the second sentence merely declares that the Attorney General or his assistant shall have charge of all legal matters in which the State has an interest. This is a general provision and includes all legal matters in which the State is interested irrespective of whether the State is represented therein by the District Attorney. The latter part of the sentence explicitly sets forth the authority conferred on the Attorney General and his assistants to carry out the mandate embraced in the first part of the sentence. In my opinion, the third sentence is not purposeless as the majority opinion holds, because there are many matters other than those involved in litigation entrusted to the District Attorney which the framers of the Constitution obviously concluded should be subject to the supervision of the Attorney General.
 

 I can not concur in the statement contained in the majority opinion that the conclusion announced therein with reference to the wording of Section 56 of Article VII of the Constitution is borne out by the construction placed thereon by the several Attorneys General who have occupied the office since 1921, because it was only after the adoption of the Act of 1934 that the Attorney General and his assistants claimed the right to supersede and relieve the District Attorney in criminal proceedings, the first case in which this was done being State v. Major, 181 La. 822, 160 So. 425. The fact that no Attorney General since
 
 *201
 
 1921 through 1935, when the controversy arose in the Major case, saw fit to exercise the right granted him by the constitutional article does not warrant the assumption that the several Attorneys General disclaimed the right granted them by the Constitution to intervene in any civil or criminal proceeding. Apparently there was no occasion for the exercise of the right until the controversy, described and disposed of in the Major case, arose.
 

 I am not impressed by the argument that if Section 56 of Article VII of the Constitution be held not to limit the powers of the Attorney General over District Attorneys, the Legislature could confer upon the Attorney General all the powers and functions performed by District Attorneys. The obvious answer to the argument is that the Legislature by enacting Act No. 24 of 1934, First Extra Session, does not purport to deprive District Attorneys of the right to perform the usual functions and duties of their offices. All that the Legislature purports to do is to grant the right to the Attorney General to intervene in special cases. Undoubtedly, the Legislature was authorized to do this since all the duties and powers of District Attorneys are derived from legislative and not constitutional authority.
 

 It is difficult to imagine-that the Legislature, being composed of reasonable and practical men, would enact or attempt to enact laws that would wholly deprive District Attorneys of the powers, duties and responsibilities of their office.
 

 Independently of Act No. 24 of the First Extra Session of 1934, the Attorney General under the express authority of Section 56 of Article VII of the Constitution is given the right to intervene in or take charge of any criminal prosecution where he deems ifnecessary to do so.
 

 I find no reason to retract in this case the views expressed by this Court, in which I concurred, in the cases of State v. Major, 181 La. 822, 160 So. 425 and State v. Ardoin, 197 La. 877, 2 So.2d 633, and the cases involving the request of the Police Juries of the Parishes of St. Bernard and Plaquemines for the supersession of the District Attorney Nos. 36,117 and 36,127, respectively, on the docket of this Court.
 

 Holding the views hereinabove set forth, I can not subscribe to the proposition that the injunction issued by the district court prohibiting the Attorney General from intervening in and taking charge of the three cases of the State of Louisiana against Jerome A. Hayes should be permitted to stand.