JANVIER, Judge.
This matter is before us on appeal by Warren Realty Company, Inc., from a judgment dismissing its opposition to the private sale by the administratrix of the Succession of John Albion Saxton of certain property forming part of the succession.
The administratrix, as authorized by LSA-R.S. 9:1451-9:1454, desiring to sell at private sale certain real estate and certain undivided interests in real estate owned by the decedent, sought and obtained the necessary order to advertise the intention to sell at private sale, and, in accordance with the said order, the necessary advertisement was made, all in accordance with LSA-R.S. 9:1452.
The advertisement stated that it was the purpose of the administratrix to sell the said property for $200. On the last day on which opposition might be made, Warren Realty Company, Inc., filed opposition, based on its averment that it was willing to offer, and, in its petition, did offer for the property $300 “on the terms and conditions set forth in said advertisement.” To this opposition the administratrix filed an exception of no right or cause of action, basing this exception on the averment that the opponent being “neither a creditor, an heir, nor a legatee of the above numbered and entitled succession or of the said John Albion Saxton, * * * had no interest whatsoever in and to said succession proceedings, or any of the property or effects belonging thereto, and is, therefore, not legally concerned with any of the proceedings of said succession, and is in fact an in-termeddler.”
When the matter was heard in the Twenty-fourth Judicial District Court for the Parish of Jefferson, there was judgment dismissing the opposition. The District Judge stated
“that the opposition should be dismissed because the opponent has no' interest in said proceedings and therefore no right of action to file said opposition.”
From this judgment Warren Realty Company, Inc., has appealed.
In this Court the administratrix has filed a motion to dismiss the appeal on the ground that the opponent-appellant has no appealable interest.
It seems to us that the motion to dismiss the appeal is based on the identical ground on which is based the exception to the opposition. If the opponent has no right or cause of action — no right to oppose the *346 disposition of the property at private sale— it has no interest in this matter at all and its opposition was properly dismissed in the District Court.
The question of whether a third person, neither a creditor nor an heir, may oppose such private sale is interesting. Were we called upon to decide it without the aid of prior decisions, it might be difficult to determine just what was the intention of the lawmakers when they adopted the statute which authorizes such sales. Act Mo: 290 of 1938, LSA-R.S. 9:1451-9:1954. We would find ourselves confronted, on the one hand, with the conviction that it is the duty of a succession representative and the duty of the Probate Court to obtain all possible information which might lead to a proper conclusion as to the price which should be accepted for the sale of :such succession property, and, on the other hand, with the very obvious fact that in such a case as this, a third person, neither an heir nor a creditor, should not be permitted to interfere with the conclusion reached in good faith by the succession representative as to how and for how much such property should be sold. In such case an outsider is certainly not interested in seeing that the interests of the creditors or of the heirs be protected and that the property should bring the greatest possible price, he is interested in fact only in seeing that he, the third person, obtain the property at the lowest possible price. That in such situation an .opposition should not be permitted, except by some one who is interested either as heir or creditor, is at least intim.ated by the Supreme Court in Succession of Pipitone, 204 La. 391, 15 So.2d 801, 803, for there the Supreme Court noted that the petition and the opposition were submitted on a stipulation of facts
. “in which the executor admitted that the opponent was in the situation of a creditor, by reason of his contract to buy the property, and therefore had a sufficient interest in the matter to give him the right of action to oppose the petition of the executor for authority to sell the property.”
A statement to this effect by the Supreme Court would have been unnecessary had the Court not felt that such interest was necessary to justify such an opposition. Later, in Succession of Walter E. Henry, No. 40456 of the docket of the Supreme Court, the action of the court in refusing to grant an alternative writ of mandamus which was sought to compel the granting of a suspensive appeal, and the language which the Court used in refusing such alternative writ, indicate plainly, we think, that the Court felt that in such cases a third party has no interest which justifies either the filing of an opposition in the Probate Court or the taking of a suspensive appeal if such opposition is dismissed.
Counsel for the opponent in the case at bar indulges in rather caustic criticism of the Supreme Court for its action in Succession of Henry, supra. Counsel says that, in refusing to order the granting of an appeal, the Court decided the question which it had no right to consider at all unless and until the appeal had been granted and the matter had been submitted on appeal.
We do not see that the action of the Supreme Court in the Succession of Henry must be construed as a decision on the merits of the opposition which was there filed. In his reasons for dismissing the opposition of the opponent in that case, the District Judge said:
“The Court is of the opinion that the opponent in the instant case had no right of action to oppose the sale, not being a creditor or an heir * * *.”
This was a very clear statement that, in his opinion, as a matter of law, a third person,, who is neither a creditor nor an heir, has no right of action to oppose such a private sale.
When, in the application for an alternative writ of mandamus, the decision was called to the attention of the Supreme Court it refused to grant the order to show cause why the alternative writ should not issue, saying: “Writs refused. No error of law in the judgment.” We interpret that as a holding by the Supreme Court that, as *347 a matter of law, an intermeddler, such as Warren Realty Company, Inc., is here, has no right of action to oppose such a sale, and, having no such right, had no right to a ■suspensive appeal from a judgment holding it to be without a right of action.
Of course, we realize that a ruling by which the Supreme Court either grants or refuses to grant a supervisory writ is not usually considered as a precedent as if the Court had decided the case after granting a writ. See State v. Ardoin, 197 La. 877, 2 So.2d 633. Nevertheless, as was stated in that case, where the Court refuses to grant a writ and states that the ruling of the lower Court was correct, we feel that the issue which was presented by the application for the writ was definitely settled by the refusal to grant it.
A reading of the statute, Act No. 290 of 1938, does not indicate any intention on the part of the legislators to give third parties any rights, for it appears that the act is to be availed of when it is “to the manifest advantage of the succession or estate, its creditors or heirs * * *.” , This is commented on in an article in Tulane Law Review, Vol. 27, at page 101.
We would be even more confident of the correctness of our interpretation of the action of the Supreme Court in Succession of Henry, supra, in refusing to issue the order to show cause why the appeal should not be granted had the Court not ■ considered and acted upon a very similar situation a short time later in Succession of Charles Senkpiel, No. 41686 of the docket of the Supreme Court. In that matter, Warren Realty Company, Inc., opponent here, opposed the application of the Public Administrator to sell certain real estate at private sale, the opposition being based on the ground that the opponent was willing to pay for the property a higher price than that at which the Public Administrator intended to sell it. In the District Court there was judgment dismissing the opposition. Warren Realty Company, Inc., filed a motion for a suspensive appeal and the District Judge refused to grant the appeal. On the motion he wrote
“Denied— See action of Supreme Court of Louisiana in Re Sue. of Henry, Div. A of this court, recently passed on upon application for writs.”
Warren Realty Company, Inc., then filed in the Supreme Court application for an alternative writ of mandamus and the Supreme Court issued an order to the District Court requiring him to grant the appeal as prayed for, or to show cause “why the relief prayed for by relator should not be granted.” When this order was issued, the District Judge, without making return to the order of the Supreme Court, granted the appeal.
While it thus appears that the Supreme Court, in the Succession of Senkpiel, has indicated the possibility that it does not now entertain the same view which it indicated when it said that the District Court, in Succession of Henry, had been correct in holding that the opponent had no right of action and had no right to suspensive appeal, we have no way of knowing whether the Court would have ordered the granting of the appeal in the Senkpiel case had the District Judge not granted it. It may be that the Court felt that, in the Senkpiel Succession since the Public Administrator was involved, a different situation might have been presented. In its application to the Supreme Court for mandamus the opponent, in Succession of Senkpiel, called' attention to the fact that the State of Louisiana was the “ultimate beneficiary of the administration of this vacant succession” and, by the ruling of the District Court, was “being deprived of the best obtainable price and highest offer which could be had for the private sale of said property * *, *.”
It may be that the Court would not have ordered the issuance of the appeal' had the District Judge made return to the order to show cause. At any rate, we' have before us the decision of the Supreme Court in Succession of Henry and that is the final word of the Supreme Court on the partiem lar question of whether an outsider, a third person, an intermeddler, has the right to oppose an application to sell property of a succession at private sale where such sue- *348 cession representative is not a Public Administrator.
Consequently, following- the holding of the Supreme Court in Succession of Henry, we conclude that Warren Realty Company, Inc., had no right of action to oppose the proposed private sale, and we conclude further that the judgment overruling the opposition was correct.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.