For the reasons assigned, the judgment of the trial court is affirmed.

79 So.2d 866

Succession of Charles SENKPIEL.

No. 41787.

March 21, 1955.

Rehearing Denied April 25, 1955.

Frank P. Krieger, New Orleans, for opponent and appellant.

Cyril F. Dumaine, Joseph F. Deynoodt, John E. Jackson, Baldwin J. Allen, New Orleans, for appellees.

MOISE, Justice.

This is an appeal by the Warren Realty Company, Inc. from a judgment of the district court which dismissed its opposition and authorized the public administrator to sell to Mrs. Charles Senkpiel, at private sale under the provisions of Act 290 of 1938, LSA–Revised Statutes 9:1451 et seq., certain real estate belonging to the Succession of Charles Senkpiel. The price of adjudication was $2,500 on the property which was assessed at $400.

Warren Realty Company, Inc. finds no fault with the proceedings taken under the statutes. Its only interest seems to be to purchase the property herein involved for itself on the terms and conditions stipulated in its opposition.

On the merits of the controversy, a chronological listing of the property itself should be made.

Mr. Senkpiel purchased the property at private sale on September 11, 1921, during the régime of the community of acquets and gains. It was sold for state taxes in the year 1925. Mr. and Mrs. Senkpiel were divorced on October 3, 1928, by a court of competent jurisdiction in Harrison County, Mississippi. In about 1930 Mrs. Charles Senkpiel redeemed this property, and after the redemption up to the present date she has paid the taxes on the identical property. Mr. Charles Senkpiel died, intestate, on September 2, 1942, in the State of Mississippi. It is shown from the record that his succession was never opened in the State of Mississippi or in the State of Louisiana, and the public administrator is now handling the estate in Louisiana.

The title of Act 290 of 1938 reads:

"To authorize the sale of any succession property by executors and administrators at private sale without priori-

ty under a judgment of a court of competent jurisdiction, upon the giving of due notice to the creditors and heirs, and prescribing the method of procedure.

The remainder of the act, set forth in the LSA–Revised Statutes provides:

"Whenever it appears to be to the manifest advantage of the succession or its creditors or heirs, the executor or administrator may sell at private sale any of the movable or immovable property, in whole or in part, or an undivided interest therein, for cash, in order to pay debts or legacies or both, or for any other purpose. LSA–R.S. 9:1451.

"To this end, the executor or administrator shall present to the judge a petition setting forth a full description of the property to be sold, the price and conditions of the proposed private sale, and the reasons which make it advantageous to the succession, the heirs, or the creditors to dispose of the property. There shall be no priority as between movable and immovable property, but the administrator or executor shall set forth his reasons if he recommends the private sale of immovable property before the movable property has been exhausted. LSA–R.S. 9:1452.

"The judge shall order that notice of the application be given by publication in the manner prescribed for judicial advertisements, requiring all whom it may concern, including the heirs, to make opposition, if any they have, to the granting of the application, within ten days from the day whereon the last publication appears." LSA–R.S. 9:1453.

In his application to the court for permission to sell the property privately, the public administrator alleged that it was to the manifest advantage of the succession to have a private sale, because it would eventually be necessary to sell the property in order to settle the estate; that the proposed private sale, in compliance with the contract, would cost the succession considerably less than if made at public auction which would entail the cost of advertising, the payment of auction fees and commissions, and possibly a re-advertisement if the property did not bring two-thirds of the appraised value.

On the last day provided by law for the publication of the advertisement of such private sales on the terms and conditions therein stipulated, the Warren Realty Company, Inc. filed its opposition and raised the offer to $2,200. Mrs. Senkpiel raised her offer to $2,500.

 A reading of the statute set forth, supra, shows that the legislature had no intention of giving a third person—who is neither heir, creditor or legatee—the right to file an opposition to the private sale of

succession property. The very title of the act provides that notice must be given to the creditors and heirs, and the method of procedure is therein prescribed. In the instant case, the method of procedure was followed with meticulous care.

■ In the syllabus of Succession of Pipitone, 204 La. 391, 15 So.2d 801, we find the following correct statement:

"The provision of 1938 act authorizing executor or administrator to seek authority for private sale of succession property whenever it shall appear to be to manifest advantage of succession, its creditors, or heirs, means whenever it shall appear to be to manifest advantage to sell property at private sale instead of at public auction."

In the case of Succession of Saxton, 72 So.2d 344, 345, the Court of Appeal for the Parish of Orleans thoroughly discusses the problem herein presented. Its opening statement shows that Warren Realty Company, Inc. was a complaining party. It reads:

"This matter is before us on appeal by Warren Realty Company, Inc., from a judgment dismissing its opposition to the private sale by the administratrix of the Succession of John Albion Saxton of certain property forming part of the succession.

"The administratrix, as authorized by LSA–R.S. 9:1451–9:1454, desiring to sell at private sale certain real estate

and certain undivided interests in real estate owned by the decedent, sought and obtained the necessary order to advertise the intention to sell at private sale, and, in accordance with the said order, the necessary advertisement was made, all in accordance with LSA–R.S. 9:1452."

In the above case the advertisement was almost identical to that in the instant case. It stated that it was the purpose of the administratrix to sell the property at a stated price, $200. Warren Realty Company, Inc. filed an opposition on the last day on which opposition could be made, stating that it was willing to offer and did offer $300 on the terms and conditions of the advertisement. The administratrix filed an exception of no right or cause of action, averring that:

" * * * the opponent being 'neither a creditor, an heir, nor a legatee of the above numbered and entitled succession or of the said John Albion Saxton, * * * had no interest whatsoever in and to said succession proceedings, or any of the property or effects belonging thereto, and is, therefore, not legally concerned with any of the proceedings of said succession, and is in fact an intermeddler.' "

After a complete and full discussion of the matter, the Court of Appeal, in a well-reasoned decision, affirmed the decision of the district court in the Succession of Saxton, supra. It arrived at the conclusion that

a third party such as Warren Realty Company, Inc., who was neither a creditor, heir nor legatee, had no right of action to oppose a private sale by the administratrix of realty owned by the decedent. In that case the following observations were aptly made by the Court of Appeal:

"* * * it is the duty of a succession representative and the duty of the Probate Court to obtain all possible information which might lead to a proper conclusion as to the price which should be accepted for the sale of such succession property, and, on the other hand, with the very obvious fact that in such a case as this, a third person, neither an heir nor a creditor, should not be permitted to interfere with the conclusion reached in good faith by the succession representative as to how and for how much such property should be sold. In such case an outsider is certainly not interested in seeing that the interests of the creditors or of the heirs be protected and that the property should bring the greatest possible price, he is interested in fact only in seeing that he, the third person, obtain the property *at the lowest possible price.*" (Italics ours.)

We think that the reasoning set forth above applies to the present controversy. Therefore, Warren Realty Company, Inc. has no interest in the matter, and,

as well said by the Court of Appeal in the Saxton case, supra, it is an intermeddler.

For the reasons assigned, the judgment of the trial court is affirmed at opponent's cost.