SAMUEL, Judge.
The petitioner in this suit, the Public Administrator for the Parish of Orleans, was appointed administrator of the property of Standard General Realty Company, Inc., a corporation allegedly abandoned by its stockholders for more than eight years. In due course the administrator received and accepted an offer made by William C. Garrett and Frank B. Wood to purchase certain real estate, owned by the corporation and located in the Parish of St. Tammany, at private sale for the sum of $5,200, cash, without warranty. A written contract to that effect was signed by the purchasers and the administrator. Thereafter, the administrator petitioned the trial court for authority to make the proposed sale and notice of his application was published in *457 the official journals of the Parishes of Orleans and St. Tammany.
Four oppositions were filed to the application and after trial there was judgment dismissing the oppositions and denying the application to sell the property at private sale. Garrett and Wood have appealed from the judgment denying the application. The matter is before us now on the administrator’s motion to dismiss their appeal.
A part of appellee’s argument in support of his motion to dismiss goes to the merits and is concerned with the alleged fact that the testimony taken at the trial is to the effect that the property was worth considerably more than the amount offered by appellants. But the merits are not before us at this time. We are concerned only with the motion to dismiss and the probability of appellant losing on the merits, if such a probability does exist, cannot be considered. Appellants have the right to take and prosecute this appeal if they come within the purview of LSA-Code of Civil Procedure Article 2086, providing that a person who could have intervened in the trial court may appeal, and LSA-Code of Civil Procedure Article 1091, providing, in part, that a third person having an interest therein may intervene in a pending action related to or connected with the object of that action.
Appellee argues that the appellants could not have intervened because every right they had was advocated and asserted by the administrator and any intervention by them could be only to oppose their own offer. We do not agree with this argument.
Appellants did have the right to intervene in the trial court. They do not occupy the position of a third party who is not an heir, legatee or creditor and therefore prohibited from opposing the private sale by LSA-Code of Civil Procedure Article 3283, which article codified the prior jurisprudence to that effect. To the contrary, by reason of the contract to sell and purchase at private sale which was entered into between the appellants and the administrator, and which was the object of the suit from which this appeal was taken, appellants had a sufficient interest in the matter, to give them the right to intervene and thus the right to appeal. See Succession of Pipitone, 204 La. 391, 398, 15 So.2d 801, 803.
While it may be true, as argued by appel-lee, that all of appellants’ rights were advocated and asserted by the administrator, this does not affect their right to intervene or appeal. Under the specific provisions of the final part of LSA-Code of Civil Procedure Article 1091 an intervenor may join with the plaintiff, unite with the defendant, or oppose both plaintiff and defendant. We note that the intervenor in Succession of Pipitone, supra, had a contract with the executor to buy succession property, filed an opposition to the executor’s application for authority to make the sale, and also appealed from a judgment in favor of the executor.
The motion to dismiss the appeal is denied.
Motion to dismiss denied.