HALL, Judge.
The Public Administrator for the Parish of Orleans in his capacity as the duly appointed and qualified administrator of the property of Standard General Realty Company, Inc. under the provisions of LSA- *863 R.S. 9:1585 accepted a written offer made by William C. Garrett and Frank R. Wood to purchase at private sale certain real estate owned by the corporation and situated in St. Tammany Parish for the sum of $5,-200.00 cash, said sale to be without warranty even for the return of the purchase price. Thereafter the administrator petitioned the Court for authority to make the proposed sale, and notice of his application was duly published according to law.
Four oppositions were filed to the proposed sale as follows:
1. Gerald O. Pratt opposed the sale on the ground that the $5,200.00 offer of Garrett and Wood was inadequate, and offered $10,000.00 for the property without warranty.
2. Tamlan Development Corporation opposed the sale and offered $11,100.00 without warranty for the return of the purchase price.
3. Jesse Seabourne McClane, Jr. opposed the sale alleging that he was the sole heir of his father who had been president and sole stockholder of Standard Realty Company, Inc.
4. Anthony Gagliano opposed the sale alleging that he is a substantial stockholder of the corporation.
After trial there was judgment dismissing all four oppositions, and a further judgment denying the application of the Public Administrator to sell the property at private sale to Garrett and Wood.
Garrett and Wood appealed from the refusal of the Court to approve and homol-ogate the proposed sale. A motion to dismiss their appeal on the ground that they had no right of appeal was denied by this Court. See 168 So.2d 456.
None of the opponents appealed, and none of them answered the appeal except Gerald O. Pratt. However his answer to the appeal was filed too late, as was also an answer filed by the Public Administrator.
We therefore have before us only the appeal of Garrett and Wood from that part of the judgment which refused to approve the proposed private sale to them.
After hearing evidence as to the value of the land, the Trial Court found that the price offered by Garrett and Wood was inadequate, saying:
“The Court finds from the evidence that this sale as advertised is not in the best interest of this estate and therefore the homologation is refused and the application to sell at private sale is denied.”
The testimony in the record is overwhelming to the effect that the price offered by Garrett and Wood is less than half the value of the land. Gerald O. Pratt testified that the land was worth at least $12,000.00 and that he would pay that price for a quit claim. Appellant Garrett himself testified that he and Wood made the offer of $5,200.00 because that was the inventoried value of the property and said: “I would have offered whatever the people-said it was worth, not knowing exactly what it was worth myself. I am willing to match any offer that has been made.”' Mr. Garrett testified further that he would pay $11,100.00 for a quit claim to the property. Appellant Wood confirmed this and testified that he was sure the property was-worth $12,000.00.
Appellants contend that the Trial Court erred when it permitted Gerald O. Pratt to testify when he was in fact an interested party with no legal standing in the proceedings, and contend that without his testimony the Court would have before it only the offers from other opponents which under the jurisprudence should not be considered, citing' Succession of Saxton, La.App., 72 So.2d 344; Succession of Senkpiel, 227 La. 516, 79 So.2d 866 and Succession of Lustig, La.App., 112 So.2d 760.
Article 3283 of the Code of Civil Procedure (LSA-C.C.P. Art. 3283) clearly *864 states that an opposition to a proposed private sale of Succession property may he filed only by an heir, legatee or creditor, and LSA-R.S. 9:1581 states that the Public Administrator for the Parish of Orleans is subject to the same duties as any other administrator. See also LSA-R.S. 9:1585. It is for this reason that the Trial Judge dismissed the four oppositions, none of the opponents being either heirs, legatees or creditors.
When it developed at the trial that the opponent Gerald O. Pratt was neither an heir, legatee nor creditor the Court refused to let him testify as an opponent stating: “Under the law he has not got any standing as an opponent in these proceedings.” However the Judge stated that he would permit Mr. Pratt to testify as “a friend of the Court.”
Objection was made to such testimony on the ground that Mr. Pratt was an interested party and could not appear as an amicus curiae. The Court overruled the objection stating:
“Objection overruled. The Court has followed the law and the law requires that the Court consider a sale to be in the best interest of the Succession before the Court homologates the sale and any evidence that can help the Court determine whether or not the sale is to the best interest of the Succession the Court wants to hear. Therefore the Court will hear the witness.”
Mr. Pratt had been in the real estate business for 31 years, had developed properties in St. Tammany Parish, owned land near the property in question, and had recently been over it. No question is raised concerning his qualifications to give testimony as to the value of the property and there is no intimation that his testimony was biased by self-interest. The Court had already stated that Mr. Pratt had no standing as an opponent and that his opposition would be dismissed.
Article 3284 of the Code of Civil Procedure states:
“If no opposition has been filed timely, the court shall render an order authorizing the sale, when it considers the sale to he to the best interests of the succession. * * (LSA-C.C. P. Art. 3284. Emphasis supplied)
We are of the opinion that the action of the Trial Court in permitting Mr. Pratt to testify under the circumstances presented was eminently correct.
Appellants also contend in effect that the Court should give more weight to the inventoried value of the property than to the testimony adduced at the trial. We do not agree with this contention. The inventory appraisers did not testify and nothing is revealed as to their qualifications nor how they arrived at the valuation of $5,200.00. All we know is their names. Inventory values are never conclusive in such cases.
Appellants finally contend that the Trial Court erred in not considering and approving their offer to meet the highest written offer made by any opponent, stating that this was the procedure followed in Succession of Lustig, supra. Lustig by no means requires such procedure.
The law as stated in Article 3284 of the Code of Civil Procedure requires the Court to authorize a private sale only when the Court considers the sale to be to the best interests of the succession.
The record shows that the property in question is situated at or near the proposed location of a traffic interchange or “cloverleaf” on Interstate Highway No. 10 which is now in process of construction, and that the property in question while worth at least $12,000.00 is highly speculative in value.
The Trial Court had wide discretion in the matter and we do not find that he has abused it in any manner. In fact we are *865 thoroughly in accord with the judgment rendered by him.
For the reasons assigned the judgment appealed from is affirmed, costs of this appeal to be borne by appellants.
Affirmed.