REGAN, Judge..
Mutual Investment Co., Inc., through its receiver, Alcee J. J. Fortier, filed two separate applications to alienate this corporation’s interest in certain unimproved property located in Jefferson Parish at private sale. Both applications were heard contradictorily since a curator ad hoc had been appointed by the court to represent any unknown shareholders, creditors, or any other persons who may have interest in the dissolved corporation.
Both applications were opposed by Warren Realty Company, Inc., who asserted that the amount for which each of the properties was to be sold was considerably less than their actual value.
After the foregoing hearing was consummated, the lower court rendered decrees approving the applications for private sale, and from these judgments, Warren Realty Co., Inc., has prosecuted this appeal.
The record discloses that the Mutual Investment Co., Inc., a family owned corporation which traded in undeveloped real estate, was dissolved by virtue of a judgment rendered on November 30, 1952, and its original receiver was discharged. In 1965, the receivership was reopened, and a new receiver, Alcee J. J. Fortier, was appointed for the sole purpose of selling four unimproved lots of ground situated in the Parish of Jefferson in which, it was learned, the corporation had an interest.
The applications for private sale involved a proposed sale without warranty of certain property to Edwin M. Mayo and a proposed quitclaim of other property to Lake, Inc., the purchaser thereof at a tax sale. The latter sale was agreed upon for the purpose of giving Lake, Inc., a clear title to the property without the necessity of a suit to confirm the title thereto.
The opposition filed by Warren Realty is predicated simply upon its contention that the proposed sale prices were too low and on its offers to pay a higher price for each parcel of property. Warren does not assert that it has an interest in the corporation as a creditor, shareholder, or in any other capacity.
After Warren Realty made its higher offer, both proposed purchasers increased their offers. Warren again increased its offers, and the receiver accordingly proceeded with the applications. In spite of Warren’s higher offers, the lower court homologated the proposed private sales -to Mayo and Lake, Inc.
It is conceded, as Warren Realty Co. points out, that the private sale of property belonging to a corporation in receivership can be accomplished only after a hearing and determination by the court that a sale is in the best interest of the shareholders and creditors of the corporation. It insists, however, that the mere fact that the prospective purchasers, Edwin M. Mayo and Lake, Inc., both increased their offers subsequent to the higher offer made by Warren Realty Co., Inc., is evidence per se *320 that such previous offers were inadequate and represented a sum not in proportion to the actual value of the property. It further asserts that the increased offers still do not represent the real value of the property.
Mutual Investment Co., Inc., on the other hand, argues that Warren Realty Co., Inc., does not possess the formal legal status to oppose the applications since the interest of the latter is only that of an offeror, being neither creditor, shareholder nor one with any other legal interest, and therefore is simply an intermeddler. This conclusion is predicated upon the rationale emanating from the Succession of Saxton,[1] Succession of Senkpiel,[2] and Succession of Lustig [3] and codified in the Code of Civil Procedure Article 3283 which reads :
“An opposition to a proposed private sale of succession property may be filed only by an heir, legatee, or creditor.”
In answer to this contention, Warren Realty relies upon its interpretation of the rationale emanating from In re Standard General Realty Company, Inc.,[4] as overruling the foregoing decisions. An analysis of the rationale thereof reveals that it confirms rather than overrules the jurisprudence emanating from the foregoing cases. In the case relied upon by Warren Realty Co., Inc., the public administrator, who was the administrator of the property of the Standard General Realty Co,, Inc., accepted a written offer to purchase at private sale certain realty owned by the corporation, and he petitioned the court for authority to execute the sale thereof. Following publication of notice of his application, four oppositions were filed to the sale. One of the opponents, Gerald O. Pratt, asserted that the offer was inadequate and made a substantially higher offer. A judgment was rendered dismissing all four of the oppositions including Pratt’s and denied the application of the public administrator to sell the property at this private sale to the original offerors. The trial court permitted Pratt to testify, but not as an opponent or party at interest therein; to the contrary, he testified as a witness to aid the court because of his qualification as an experienced realtor possessing expert knowledge as to the value of the property. In short, he testified merely as amicus curiae on the theory that since the court is bound to decide whether a sale is in the best interest of the succession before it is homologated, any evidence which may assist the court in this determination should be considered. More significantly, the court did in fact point out that Pratt possessed no legal status in the case and for that reason dismissed his opposition in conformity with the foregoing jurisprudence.
In this case, Doll, an officer of Warren Realty Co., Inc., did not offer any testimony, nor did the court request his expert opinion as amicus curiae relative to the value of the property. His interest herein is analogous to that of Pratt in that he is merely an offeror and admittedly is not possessed of that formal legal status which is required in order to oppose the applications for private sale of the corporation’s interest in the property.
The procedure for the private sale of corporate assets, as delineated in R.S. 12:772, reads:
“The court shall issue a rule directed to the corporation, and served on its proper officer in the manner required in civil proceedings, and directed to the creditors of the corporation who shall be summoned by a notice published during ten days in the manner required by judicial notices, ordering that cause be shown within the delay fixed by the court in term time or vacation, why the prayer of the petition, seeking authority to sell the property belonging to the corporation at private sale, should not be granted.”
*321 In addition thereto, R.S. 12:773 states that:
“Upon trial of the rule, whether there be opposition or not, the court shall require due proof of all the allegations of the petition, which may be necessary to establish the advisability of a private sale of the properties. If in the judgment of the court the property should be sold at private sale, it shall fix such minimum prices and terms and conditions for the sale as it shall deem proper and enter such further orders as may appear desirable to it." (Emphasis added.)
These statutes disclose that it is the court’s obligation to fix such minimum prices, terms and conditions for the sale as it shall deem proper and enter such further orders as may appear desirable. After hearing the evidence adduced herein, the lower court correctly decided, in conformity with the foregoing statutory law, that the offers made by Mayo and Lake, Inc., were fair and reasonable. However, even if the lower court had abused its discretion in making such a determination, it is not the function of Warren Realty Co., Inc., to complain.
Warren Realty’s position, if accepted, would require the courts to accept bids, through the medium of written oppositions, ad infinitum and could conceivably force consideration of bids involving only a minimal increase in price, thereby frustrating the expeditious handling of such proceedings.[5] In the final analysis, Warren Realty’s opposition, if successful, would emasculate the statutory procedure for private sales and force upon the courts mandatory sale by public auction. Such a result is contrary to the intent of the legislature and the jurisprudence interpretative thereof.
The foregoing illucidation in our opinion clearly discloses that Warren Realty Co., Inc., has no interest in Mutual Investment Co., Inc., either as shareholder, creditor, or in any other legal capacity. It therefore possesses no right to interfere in the proceedings filed by the liquidator of Mutual Investment Co., seeking to alienate at private sale the company’s interest in the property which forms the subject matter hereof. Warren Realty Co. is simply an in-termeddler, and its opposition to the applications for private sale are completely without merit.
For the foregoing reasons, the judgment of the lower court is affirmed.
All costs incurred herein are to be paid by Warren Realty Co., Inc.
Affirmed.

. 72 So.2d 344 (La.App.1954).

. 227 La. 516, 79 So.2d 866 (1955).

. 112 So.2d 760 (La.App.1959).

. 173 So.2d 862 (La.App.1965).

. Succession of Lustig, 112 So.2d 760 (La.App.1959).