SAMUEL, Judge.
The executor of this succession was desirous of selling certain immovable succession property on St. Ann Street in the City of New Orleans at private sale. After more than a year the highest bid he received therefor was $28,000 (the property had been *316 appraised at $26,000). The executor accepted that bid and in due course applied to the court for authority to sell. Subsequent to the acceptance of the $28,000 offer Walter R. Chevalier, Jr., through his attorney, offered to purchase the property for $30,000. Notice of the application to sell at private sale was published on January 31, and February 21, 1976. On February 26, 1976 Chevalier filed an opposition to the sale, to which the executor filed an exception of no right of action.
Following a hearing on Chevalier’s rule to show cause why the property should not be sold to him at the offered price of $30,-000, at which hearing the trial judge found good faith on the part of both litigants, there was judgment maintaining the exception and dismissing the opposition. Chevalier has appealed from that judgment.
The basis for the judgment appealed from is Code of Civil Procedure Article 3283[1] which reads:
“An opposition to a proposed private sale of succession property may be filed only by an heir, legatee, or creditor.” LSA-C.C.P. Art. 3283.
In this case Chevalier concedes he is not an heir, legatee or creditor; he is simply a third party bidder for the property. Under the above quoted Article 3283, it is clear he has no right to oppose the sale.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. As shown by “Official Revision Comment (b)” under Article 3283, the article codifies the holding in Succession of Saxton, La.App., 72 So.2d 344.