BOLIN, Judge.
Plaintiff sued the administratrix of a succession demanding specific performance of an alleged agreement to sell a tract of land belonging to the Succession of Vera Chil-dress Jackson. Finding no enforceable agreement for the sale of the property, the trial court rejected plaintiff’s demands. Plaintiff appeals and we reverse.
The issues raised on appeal are: (1) Did the administratrix accept plaintiff’s offer to buy the property and create an agreement to sell the property at private sale provided the court approve the sale? (2) If so, did the administratrix have the power to execute such an agreement without prior court approval?
On June 25, 1973 plaintiff wrote a letter to the attorney representing the succession offering to purchase a 160-acre tract. Because this letter has a direct bearing on the outcome of this litigation, we set forth the body of the letter in full:
This will confirm our agreement and understanding this date, wherein I have offered to pay the sum of $64,000.00 for the following described immovable property situated in the Parish of West Carroll, State of Louisiana, being owned by the Succession of Vera Childress Jackson, now in Probate No. 6647 on the docket of the Fifth Judicial District Court for the Parish of West Carroll, State of Louisiana. This land is described as the Northwest Quarter (NW Vt) of Section Twenty (20) Township Twenty-Two (22) North, Range Eleven (11) East, West Carroll Parish, Louisiana.
The $64,000.00 purchase price on this property shall be paid in cash immediately upon passing of the deed of conveyance in proper form as hereinafter stated. For confirmation of our financial ability to handle this matter, you have our permission to check with the Bank of Oak Grove, Oak Grove, Louisiana, attention Mr. Albert Mizell, Vice-President, or Arden J. Smith, President.
We understand that the heirs of Mrs. Vera Childress Jackson will retain an undivided one-half (V2) interest in and to all of the oil, gas and minerals in, on and under subject property.
Due to the conditions as discussed with you, you agreed to furnish me with a policy of owner’s title insurance, at the expense of the estate, assuring me of full complete fee simple title to said land free and clear of any and all encumbrances with the exception of road right of ways, drainage right of ways, any other utility rights of way, and any reservations of record in West Carroll Parish. In connection with the last, it is our understanding that a portion of this property was previously deeded to a negro church, which has been abandoned, and we would request that you place in your deed a conveyance to me of any reversion rights that the estate may own.
We understand that all of the above is subject to approval by the Fifth Judicial District Court for the Parish of West Carroll, State of Louisiana, and in the event any heir or creditor should successfully contest this sale, then this agreement shall be null, void and of no force and effect. However, in the event of such a contest, I understand that you will agree to us joining in with your client, Mrs. Evelyn J. McKee, in attempting to secure approval of the sale by Court.
*1218 In evidence of this agreement, I have prepared this letter in three (3) counterparts of equal dignity, which will be executed by myself and accepted by you and Mrs. McKee, Administratrix of the Succession of Mrs. Jackson.
With kindest personal regards, we are Very truly yours,
HAMILTON, CARROLL AND MILLER
(Signed)
Orlando N. Hamilton, Jr.
The above terms are understood and accepted.
(Signed)
ALWINE L. MULHEARN, ATTORNEY FOR THE SUCCESSION OF VERA CHILDRESS JACKSON (Signed)
EVELYN J. McKEE, ADMINISTRA-TRIX
OF THE SUCCESSION OF VERA CHILDRESS JACKSON
The administratrix sought court authority to sell the property at private sale. La. C.C.P. article 3281 et seq. One of the Jackson heirs filed an opposition to the proposed sale. On August 16, 1973 the opposition was rejected and the administratrix obtained an order authorizing the sale of the property. The sale was never consummated and plaintiff brought this suit demanding specific performance of the letter agreement.
Plaintiff contends the June 25 letter constitutes a binding purchase agreement made subject to the suspensive condition that the court, as required by law, authorize the sale. Because the condition was fulfilled by the August 16 court order, plaintiff maintains he is entitled to specific performance. Defendant contends there was no binding agreement for sale of the property. She argues her signature on the letter should not be construed as an acceptance of the offer to purchase, because she intended only to signify that she received and understood the terms of the offer to purchase. Defendant further contends that, in any event, she had no power to execute such an agreement without first obtaining court approval.
The trial court held the administratrix had no authority to accept an offer to purchase without first obtaining court approval. Because her signature on the letter was ineffective, the court reasoned the plaintiff’s letter remained an offer to purchase the property which had never been accepted.
The analysis employed by the trial court did not require it to pass on the issue of whether the defendant (assuming she has the authority to do so) accepted the plaintiff’s offer to buy the property. In our view the defendant’s signature on the letter under the phrase, “The above terms are understood and accepted”, inescapably leads to the conclusion that she was accepting the offer to purchase, contingent upon the court authorizing the sale. We are not convinced by defendant’s argument that her signature merely signifies she received and understood the offer. The acceptance was clear and unequivocal and we reject defendant’s argument that it is ambiguous. La.C.C. article 1812.
The more difficult issue is whether the administratrix could execute this agreement without first securing court approval.
None of the legislation regulating the administration of succession deals specifically with this issue. The statute setting forth the general functions, powers and duties of the succession representative, La. C.C.P. art. 3191, neither expressly authorizes nor prohibits the representative from executing contracts:
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times, as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.
Although contracts between the succession representative and the succession are expressly prohibited by La.C.C.P. art. 3194, we are unable to find any legislation prohibit *1219 ing the representative from accepting an offer to purchase property at a private sale which is made contingent upon the court authorizing the sale. La.C.C.P. art. 3284 mandates court approval before the property can actually be sold at private sale, but does not answer the question of whether the administratrix can conditionally bind the succession by accepting an offer to purchase.
The articles dealing with the procedures for securing court approval for a private sale necessarily contemplate that there has been some negotiation between the succession representative and the prospective purchaser. For example, La.C.C.P. art. 3281 requires the representative to file a petition setting forth “a description of the property, the price and conditions of and the reasons for the proposed sale.” The price and conditions for the proposed sale contained in the petition must obviously result from negotiations with a prospective purchaser. This implicit recognition of negotiations, however, does not answer the ultimate question of whether the succession representative can conditionally bind the succession.
This issue has not been squarely decided by the jurisprudence. Plaintiff relies upon Bornemann v. Richards, 245 La. 851, 161 So.2d 741 (1964) to support his position that the administratrix does have such authority. In Bornemann the supreme court did characterize a purchase agreement executed by a succession representative as a contract to sell subject to the suspensive condition of securing court approval for the sale. However, the question of the power of the representative to enter into this type of agreement was not at issue in Borne-mann. Defendants relies upon Succession of Hausser, 320 So.2d 614 (La.App. 4th Cir. 1975) to support her position that the ad-ministratrix lacks authority to enter into a purchase agreement. In Hausser the executor accepted an offer to purchase. When he sought court approval for a private sale, the heirs filed an opposition because a higher offer had been made. The trial court rejected the opposition but the appellate court reversed and held that the opposition should have been sustained because of the receipt of the higher offer. Hausser does not hold, as contended by defendant, that the administratrix is without power to accept an offer to purchase with the sale made contingent upon court approval. We have found at least one other case which mentions an acceptance of an offer to purchase by the succession representative. Succession of Morgan, 347 So.2d 315 (La. App. 4th Cir. 1977). However, as in Borne-mann and Hausser, supra, the issue of authority was not before the court.
We see no reason why the adminis-tratrix cannot execute an agreement to sell succession property at a private sale provided the court, as required by law, authorizes the sale. Nothing in the legislation expressly prohibits it. The law safeguards the interests of the heirs and creditors against an improvident purchase agreement made by the administratrix. The adminis-tratrix must petition the court for authority to sell the property. La.C.C.P. art. 3281. The application for authority to sell must be published. La.C.C.P. art. 3282. Heirs and creditors may oppose the proposed sale. La.C.C.P. art. 3283. If the court considers the sale to be in the best interest of the succession, it authorizes the sale. La.C.C.P. art. 3284.
We hold that a succession representative may execute an agreement to sell succession property at private sale made subject to the suspensive condition that the court, as required by law, authorize the sale. If court approval is obtained, the suspensive condition is fulfilled and the parties are entitled to specific performance. La.Civil Code art. 2462.
The judgment is reversed. It is ordered there be judgment in favor of the plaintiff, Orlando N. Hamilton, Jr., and against the defendant, Mrs. Evelyn J. McKee, Adminis-tratrix of the succession of Vera Childress Jackson, ordering the defendant to specifically perform the agreement to sell dated June 25, 1973, and to transfer by formal act of sale, to the plaintiff herein, the following described property:
*1220 160 acres, more or less described as the Northwest Quarter (NW Vi) of Section Twenty (20), Township Twenty-two (22) North, Range Eleven (11) East, Parish of West Carroll, State of Louisiana.
The act of sale shall be in conformity with the terms and conditions set forth in the agreement of June 25, 1973.
It is further ordered that in the event the defendant does not issue the formal act of sale above referred to within ten (10) days from the finality of this judgment, then the plaintiff be recognized as the owner of the above described property upon his depositing in the registry of the Fifth Judicial District Court the sum of Sixty-four Thousand ($64,000.00) dollars.
All costs are assessed against appellee.