| THE SUCCESSION OF RUTH THOMPSON AND BEULAH MAE JEFFERSON | * | NO. 2021-CA-0530 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10490, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

Kyle Salvador Scalfani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street
New Orleans, LA 70119

Jack Edward Morris
JACK E. MORRIS, ATTORNEY AT LAW, LLC
4051 Veterans Memorial Boulevard, Suite 208
Metairie, LA 70002

      COUNSEL FOR APPELLANT

Wayne E. Woods
THE WOODS LAW GROUP
365 Canal Street, Suite 1100
P.O. Box 750999
New Orleans, LA 70130

Norman Sundiata Haley
HALEY LAW FIRM, LLC
650 Poydras Street, Suite 2015
New Orleans, LA 70130

      COUNSEL FOR APPELLEES

**AFFIRMED**
**MARCH 25, 2022**

PAB
EAL
TGC

This dispute arises out of a petition for intervention and third-party demand filed in a succession proceeding. Appellant, Renee E. deVille ("Ms. deVille"), appeals the district court's judgment, which sustained the peremptory exception of no right of action filed by Appellees, Roosevelt Thompson, individually ("Mr. Thompson") and in his capacity as Administrator of the Successions of Ruth Thompson and Beulah Mae Jefferson (the "Administrator"), and Jamar Waiters ("Mr. Waiters") and Brittany Waiters ("Mrs. Waiters") (collectively referred to as the "Waiters"), dismissing Ms. deVille's petition for and intervention and third-party demand with prejudice.[1] For the reasons set forth below, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

This is the second appeal in this matter. The factual and procedural history as set forth in the first appeal, *Succession of Thompson*, 20-0536, pp. 3-9 (La. App. 4 Cir. 7/14/21), 2021 WL 2956057 at *2-4 ("*Succession of Thompson I*") is copied *in extenso*:

> On December 3, 2009, Ms. deVille purchased a 1% ownership interest in [property located at 4608-11 Freret Street in New Orleans,

---

[1] The Waiters did not file an appellate brief in this appeal.

1

Louisiana (the "Property")], owned by Ruth Thompson and her daughter, Beulah Mae Jefferson, at a tax sale for unpaid *ad valorem* taxes. On September 28, 2011, Ms. deVille filed a petition for writ of possession to obtain lawful possession and to begin repairs; she was granted possession of the Property on October 19, 2011. With the intent to obtain ownership of blighted property by acquisitive prescription, pursuant to La. R.S. 9:5633, Ms. deVille filed an affidavit of intent to possess.[2] Following, Ms. deVille applied for and obtained permits to renovate the property from the City of New Orleans and was issued a certificate of occupancy in August 2013.

On October 18, 2018, Roosevelt Thompson (the "Administrator")–Ruth Thompson's grandson and Beulah Jefferson's son–petitioned the district court to administer the successions of Ruth Thompson and Beulah Jefferson (the "Successions"). [footnote omitted]. On the same day, the Administrator filed a petition for authority to sell the Property owned by the Successions at a private sale. In an order dated October 18, 2018, the district court authorized the Administrator to advertise the private sale of the Property. The Administrator also executed and filed an affidavit of nullification, attesting that Ms. deVille failed to comply with La. R.S. 9:5633(J).[footnote omitted].

On November 13, 2018, the Successions sold the Property to the Waiters. Following the sale, multiple legal actions occurred between the Waiters, Ms. deVille, and the Successions over the Property.

*The Waiters Suit*
After the Waiters purchased the property from the Successions, on December 28, 2018, in a separate proceeding entitled *Waiters v. deVille*,[3] the Waiters filed a petition to annul tax title, declaratory judgment, and petitory action against Ms. deVille. Ms. deVille responded to the suit and filed a reconventional demand for declaratory judgment, possession, and damages, seeking reimbursement for the amounts she paid in maintaining the Property. The Waiters, as defendants-in-reconvention, filed a peremptory exception of no cause of action, alleging Ms. deVille failed to comply with the requirements of La. R.S. 9:5633. The district court granted the Waiters' motion, and Ms. deVille appealed the judgment.

On April 22, 2020, this Court issued its opinion and found that due to Ms. deVille's failure to comply with La. R.S. 9:5633, she had

---

[2] La. R.S. 9:5633 *et seq.* sets forth twelve (12) requirements which must be met to acquire blighted property through acquisitive prescription.

[3] The *Waiters v. deVille* suit, docket number 2018-13046, was allotted to Judge Kern Reese, Civil District Court, Division "L".

no ownership claim to the property. Notwithstanding, this Court concluded that Ms. deVille had not forfeited her right to claim reimbursement under La. R.S. 9:5633(E) and had a right to seek reimbursement from the Waiters, the owners of the Property. This Court converted Ms. deVille's appeal to a supervisory writ application, reversed the district court's judgment and remanded the matter to the district court for further proceedings. *Waiters v. deVille*, 19-1048, pp. 3-8 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 732-35 (hereinafter referred to as "*Waiters I*") (footnotes omitted).

On September 25, 2019, while *Waiters I* was pending, the Waiters filed a preliminary injunction against Ms. deVille. The Waiters sought to be placed in possession of the Property and to have Ms. deVille removed from the Property. After a contradictory hearing, on November 27, 2019, the district court granted a preliminary injunction in favor of the Waiters, prohibiting Ms. deVille from possessing the property. On December 3, 2019, Ms. deVille filed a motion to appeal the district court's November 27, 2019 judgment and motion to stay the execution of the judgment pending the appeal, which the district court granted.

On July 29, 2020, while the appeal on the district court's November 27, 2019 judgment on the preliminary injunction was pending, the Waiters filed a motion for partial summary judgment, seeking to annul Ms. deVille's tax deed and be recognized as the sole owners of the Property. After a hearing on the motion for summary judgment, on September 22, 2020, the district court granted the Waiters' motion for partial summary judgment on the issue of tax sale nullity. Ms. deVille sought supervisory review of the district court's September 22, 2020 judgment.

On review, this Court converted Ms. deVille's appeal on the injunction to an application for supervisory writ and consolidated it with her application for supervisory review on the partial motion for summary judgment.

This Court found the district court erred when it granted the Waiters' injunction and ordered that Ms. deVille be prohibited from possessing the Property and being removed from the Property. This Court explained that the district court erred in dispossessing Ms. deVille, because the district court, "converted the preliminary injunction–which maintains the status quo–to a prohibitory/mandatory injunction–which orders an act, without a full evidentiary hearing. . . ." *Waiters v. deVille*, 20-556, 20-324, ____ So.3d ____, ____, 2020 WL 8455459 at *35 (La. App. 4 Cir. 12/20/20), [*writ denied*, 21-00283, (La. 4/13/21), 313 So.3d 1249] (hereinafter referred to as "*Waiters II*") (footnote omitted). Accordingly, this Court granted the writ, vacated the injunction issued by the district court in favor of the Waiters, and remanded the matter to the district court for further

proceedings. This Court also concluded the district court was legally correct in granting the motion for summary judgment on the issue of ownership of the Property in favor of the Waiters and against Ms. deVille. Nonetheless, this Court found that the district court had no authority to cancel the tax sale deed, without first holding a contradictory hearing on Ms. deVille reimbursement claims. This Court, therefore, granted Ms. deVille's writ to stay the execution of the district court's judgment, which ordered the tax sale null and void, until Ms. deVille's reimbursement claims are fixed and paid by the Waiters. *Id.*, 20-556, 20-324, ___ So.3d. at ____, 2020 WL 8455459 at *32.

*The Successions Suit*

In the *Successions* suit, on August 12, 2019, Ms. deVille filed a proof of claim, re-urging her 1% ownership in the Property and her reimbursement claims against the Successions. On September 17, 2019, she filed a verified petition of intervention and third-party demand as a creditor against the Successions and the Administrator, [Mr. Thompson, individually] and against [Mr.] Waiters as third-party defendant[]. Ms. deVille sought rescission of the sale, requiring the Property to be returned to the estates, reimbursement monies expended on the Property, damages for the alleged bad faith acts of Mr. Waiters, and costs.

On October 31, 2019, [Mr.] Waiters responded by filing a third-third party defendant-in-intervention peremptory exception of no right of action, *res judicata*, and peremption, and request for protective order. First, [Mr.] Waiters argued that Ms. deVille was not the owner of the Property; therefore, she did not have a right of action against the Waiters–the owners of the Property. Second, [Mr.] Waiters maintained because the same issues between the same parties were being heard in another section of the district court, Ms. deVille's petition for intervention is precluded under the doctrine of *res judicata*. Third, [Mr.] Waiters contended that Ms. deVille's claim for reimbursement was prohibited due to her failure to comply with the requirements of La. R.S. 9:5633. Finally, [Mr.] Waiters sought a protective order against Ms. deVille's request for a copy of their closing documents for the purchase of the Property.[4]

After hearing the exceptions, the district court took the matter under advisement.[5] On June 10, 2020, the district court rendered judgment overruling/denying [Mr.] Waiters' exception of no cause of

---

[4] On December 26, 2019, Ms. deVille filed a first amended petition of intervention, naming Mrs. Waiters as a defendant. In addition to the allegations raised in the original petition for intervention and third-party demand, Ms. deVille alleged that Mr. Thompson and the Waiters conspired to defraud her and the Successions of their interest in the Property.

[5] The district court deferred Mr. Waiters' exception of no right of action to a later date.

4

action, the exception of *res judicata* and peremption, and granting the protective order in favor of [Mr.] Waiters and against Ms. deVille. Notably, the district court explained "the appellate court has found that Ms. deVille has stated a cause of action for reimbursement pursuant to La. R.S. 9:5633 (E)." [footnote omitted]

On July 17, 2020, Ms. deVille filed a petition for a temporary restraining order and injunctive relief against the Waiters, seeking to enjoin Mr. Waiters from coming onto the Property and from interfering with Ms. deVille's peaceful possession of the property. [footnote omitted] Ms. deVille urged the relief sought was warranted as there had been no enforceable judgment relative to the possession or the ownership of the Property in either the *Waiters II* suit, which was on appeal at that time, or the *Successions* suit. Ms. deVille maintained that she was entitled to possess the Property until the litigation over the ownership of the property was concluded.

In response, [Mr.] Waiters filed exceptions of no cause of action and *lis pendens*. [Mr.] Waiters, relying on *Waiters I*, contended that the appellate court had previously determined Ms. deVille had no ownership interest in the Property. [Mr.] Waiters further contended that Ms. deVille's right to possess the Property was pending on appeal and her reimbursement claims were pending in Division "L" of the district court. Thus, [Mr.] Waiters maintained that Ms. deVille's petition for injunctive relief should be dismissed.

\* \* \*

On August 14, 2020, following a July 24, 2020 zoom hearing and while *Waiters II* was still pending, the district court rendered judgment, granting Ms. deVille's preliminary injunction "*until a final judgment [was] rendered in determining the parties' ownership and possessory rights in the Property*." (emphasis added).[6]

The Waiters appealed. On appeal, this Court in *Succession of Thompson I* found that the issue had become moot, as the *Waiters II* opinion–which concluded Ms. deVille should maintain possession of the Property pending her reimbursement of costs from the Waiters–was issued after the district court's August 14, 2020 judgment, but before the appeal was heard.

---

[6] The district court also denied [Mr.] Waiters' exceptions of no cause of action and *lis pendens*. . . .

On November 4, 2020, Ms. deVille filed a second amended petition of intervention and third-party demand, seeking to annul the sale based on Mr. Thompson's failure to comply with the mandatory statutory notice and publication requirements for the private sale of the Property to the Waiters. Ms. deVille claimed that as a creditor of the Successions, she was deprived of an opportunity to oppose the sale.

Mr. Waiters' previously filed exception of no right of action came for hearing on January 6, 2021. On January 12, 2021, the district court rendered its judgment, which read, in pertinent part, "the Exception of No Right of Action be maintained thereby dismissing the intervention of Renee [d]eVille with prejudice." Following, on January 22, 2021, Ms. deVille filed a motion for new trial on the basis that the January 12, 2021 judgment was vague and lacked decretal language. After hearing argument on the motion, on May 20, 2021, the district court granted the motion for new trial and vacated the judgment. The district court further decreed that the exception of no right of action filed by Mr. Waiters against Ms. deVille in response to her original petition for intervention and third-party demand be maintained. The district court dismissed, with prejudice, Ms. deVille's original petition for intervention and third-party demand against Mr. Waiters.

On April 21, 2021, the Administrator, Mr. Thompson, individually, and the Waiters filed exceptions of no cause of action, no right of action, *res judicata*, and prescription against Ms. deVille's first and second amended petitions for intervention and third-party demand. Collectively, they asserted, among other things, that: Ms. deVille's claims as a creditor were based on an inadequate proof of claim; she lacked standing as a creditor to file an intervention in the *Successions* suit; and her reimbursement claims–as this Court espoused in *Waiters I* and

6

*Waiters II*–are actionable in the *Waiters v. deVille* suit allocated to Division "L" of the district court. Following a hearing, on June 25, 2021, the district court, relying on this Court's decision in *Waiters I* and *Waiters II*, explained:

> This Court agrees that there's no right [of] action given that the Fourth Circuit has already ruled finding that Ms. [d]eVille is not, in fact, a co-owner, which means that she doesn't have standing to raise these other claims that she's raised. The Fourth Circuit has determined that Ms. [d]eVille has a reimbursement claim against the property, and that claim is currently being considered in Division "L." So, for that reason the Court is granting the exception and dismissing this matter.

The district court maintained the exception of no right of action in favor of the Administrator, Mr. Thompson, individually, and the Waiters and dismissed Ms. deVille's petition for intervention and third-party demand, including the first and second amended petitions of intervention, with prejudice and without leave to amend.

From this judgment, Ms. deVille's devolutive appeal followed.

**DISCUSSION**

Ms. deVille contends the district court erred in the following respects: (1) in authorizing the private sale of the Property; (2) in maintaining the Administrator, Mr. Thompson, individually, and the Waiters' exceptions of no right of action; and (3) in not allowing Ms. deVille to amend her petition for a third time to remove the grounds on which the exceptions were granted. We will first address Ms. deVille's second assigned error, which presents a procedural issue, because if this error has no merit, the remaining assignments of error will be rendered moot.

*No Right of Action*

In *Roy Anderson Corp.*, this Court set forth the applicable standard of review as follows:

"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Two Canal Street Investors, Inc. v. New Orleans Building Corp.*, 2016-1306, p. 8 (La. App. 4 Cir. 2/15/17), 212 So.3d 611, 617 (citation omitted). As set forth in *Louisiana Citizens Prop. Ins. Corp. v. LAA Shoring, LLC*, 2016-1136, p. 5 (La. App. 4 Cir. 6/14/17), 223 So.3d 17, 23:

> "The determination of whether a plaintiff has a right of action is a question of law." *Mendonca v. Tidewater Inc.*, [20]03-1015, p. 3 (La. App. 4 Cir. 12/17/03), 862 So.2d 505, 508. "The standard of review of a trial court's ruling on an exception of no right of action is *de novo.*" *N. Clark, L.L.C. v. Chisesi*, [20]16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015. "Therefore, this court is required to determine whether the trial court applied the law appropriately." *Mendonca*, [20]03-1015, p. 3, 862 So.2d at 508.

*Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, 17-1005, pp. 4-5 (La. App. 4 Cir. 7/11/18), 251 So.3d 493, 498.

In most cases, "an action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. A no right of action or no interest in the plaintiff to institute a suit is an objection that may be raised through a peremptory exception. La. C.C.P. art. 927A(6).

"When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit." *Gunasekara v. City of New Orleans*, 18-0639, p. 6 (La. App. 4 Cir. 1/30/19), 264 So.3d 1236, 1240 (citing *N. Clark, L.L.C. v. Chisesi*, 16-0599, pp. 5-6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1016-17). "The burden of proof of establishing the exception of

8

no right of action is on the defendant-exceptor." *Id.*, 18-0639, p. 7, 264 So.3d at 1241. "The exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits or the question of whether the defendant may have a valid defense." *Id.*

"On consideration of an exception of no right of action the averments of fact in the pleading must be taken as true in the absence of evidence to the contrary." *Id.* However, when the grounds do not appear from the petition, evidence may be introduced to support or controvert the objections pleaded. La. C.C.P. art. 931. "In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person." *Gunasekara*, 18-0639, p. 7, 264 So.3d at 1241.

*Analysis*

Ms. deVille argues that the exceptors, the Administrator, Mr. Thompson, individually, and the Waiters, failed to establish the exception of no right of action. She contends that the allegations raised in her original, first amended and second amended petition for intervention and third-party demand, taken as true, along with the evidence admitted at the trial on the exception, shows that she was in peaceful possession of the Property at the time the Property was sold to the Waiters. Ms. deVille claims that because she had a vested interest in the Property as a peaceful possessor at the time the Property was sold to the Waiters, she is a creditor of the Successions, and, as a creditor, she has a right to intervene in the *Successions* suit and attack the validity of the sale. We disagree.

The Louisiana Code of Civil Procedure Article 3283 provides that "[a]n opposition to a proposed private sale of succession property may be filed only by

an heir, legatee, or creditor.[7]" A creditor, according to Black's Law Dictionary, is defined as "[o]ne to whom a debt is owed; one who gives credit for money or goods. . . . One to whom any obligation is owed, whether contractual or otherwise. . . . [and] a person or entity with a definite claim against another, [especially] a claim that is capable of adjustment and liquidation." Black's Law Dictionary (11th ed. 2019).

This Court, on more than one occasion, found that Ms. deVille has no ownership interest in the Property. In *Waiters I*, this Court concluded that Ms. deVille had no ownership claim to the Property due to her failure to comply with the requirements of La. R.S. 9:5633; however, we recognized that she has a valid claim to seek reimbursement from the Waiters under La. R.S. 9:5633(E). *Id.*, 19-1048, p. 17, 299 So. 3d at 740. Later, in *Waiters II* this Court, again, found that the Waiters owned the Property, but Ms. deVille could maintain possession of the Property until her reimbursement claims are fixed and paid by the Waiters. *Id.*, 20-556, 20-324, p. 16, 2020 WL 8455459 at *32. We find the evidence contained in the record together with this Court's decisions in *Waiters I and II* clearly establish that Ms. deVille has no ownership interest or vested rights in the Property. Notwithstanding, Ms. deVille is entitled to assert her reimbursement claim against the Waiters, pending in *Waiters v. deVille*, docket number 2018-13046, Civil District Court, Division "L"[8].

---

[7] La. C.C.P. art 3283 codified this Court's decision in *Succession of Saxton*, 72 So.2d 344 (La. Ct. App. Orleans 1954), wherein we affirmed the district court's judgment that dismissed a third party's opposition to a private sale because the opponent was not an heir, creditor or legatee. Under this article, third parties having no interest in the succession cannot oppose the private sale of succession property. *See also Succession of Senkpiel*, 79 So.2d 866 (La. 1955); *Succession of Morgan*, 347 So.2d 315 (La. Ct. App. 4th Cir. 1977).

[8] According to the record, Ms. deVille has not been reimbursed, and she remains in possession of the Property.

Consequently, we conclude that Ms. deVille, a third party, is not a creditor of the Successions; as such, she does not have standing to intervene in the *Successions* suit or to challenge the authorization of the private sale of the Property. The district court did not err in sustaining the Administrator, Mr. Thompson, individually and the Waiters' peremptory exceptions of no right of action.

Having found that Ms. deVille does not have a legal right to intervene in the *Successions* suit, her remaining assignment of errors are moot.[9]

## CONCLUSION

For the reasons set forth herein, the district court's judgment is affirmed.

**AFFIRMED**

---

[9] Ms. deVille argued the district court erred in not allowing her to amend her petition for intervention and third-party demand to remove the grounds on which the exceptions were granted. We note, however, that Ms. deVille filed a first and second amended petition for intervention and third-party demand after Mr. Waiters filed the first no right of action.