**2 So.2d 633**

**STATE v. ARDOIN, and seven other cases.**

**No. 36122.**

April 28, 1941.

Rehearing Denied May 26, 1941.

Eugene Stanley, Atty. Gen., and J. I. McCain, Sp. Asst. Atty. Gen., for plaintiff and appellant.

M. R. Stewart, of Lake Charles, for Olzay Ardoin, defendant and appellee.

Hawkins & Tritico, of Lake Charles, for Earnest Olivier, John T. Mangano, Joseph

Giovanni, and James W. Morris, defendants and appellees.

Plauche & Plauche, of Lake Charles, for M. J. Reddell, H. A. Mitchem, and C. M. Lewis, defendants and appellees.

O'NIELL, Chief Justice.

The State is appealing from a judgment quashing the indictment in each of these eight cases. As the motions to quash were alike in all of the cases, they were dealt with together, as in one case, by consent of all parties.

The complaint made in the motion to quash—and maintained by the judge, in each case—was that the Attorney General, at the request of the grand jury, took over the duties of the District Attorney as the legal adviser of the grand jury in the proceedings which resulted in the indictment to these defendants, and a Special Assistant of the Attorney General, under his direction, served as legal advisor for the grand jury in the sessions which resulted in the indictments.

The facts on which the judge declared the indictments invalid are not disputed. The grand jury had been in session about a month, during which time the District Attorney had been serving as their legal advisor, when the grand jury requested the Attorney General to serve instead of the District Attorney. The cause or reason for the request does not appear in the record. The Attorney General complied with the request and assigned one of his special assistants to advise the grand jury in place of the District Attorney. The Attorney

General promptly notified the Judge and the District Attorney of what had been done, and sent the Assistant Attorney General to Lake Charles, where the grand jury was holding its sessions. The Assistant Attorney General appeared in court and was introduced by the Judge to the grand jury as their legal advisor. From that time on, for about five months, the Assistant Attorney General attended the sessions of the grand jury and served as their legal advisor, to the exclusion of the District Attorney. During that period the defendants in these eight cases were indicted by the grand jury. Four of the eight indictments are for embezzlement, one is for arson, two are for bribery, and one is for obtaining money by false pretenses. The Assistant Attorney General continued to have charge of these prosecutions while the District Attorney continued to discharge all other duties of his office.

We assume for the sake of argument—although we do not find it necessary to decide—that the validity of the indictments depends upon whether the Attorney General had authority under the Constitution and the statutes "to relieve, supplant and supersede the District Attorney" in the grand jury proceedings which resulted in the indictments.

In Section 56 of Article VII of the Constitution, the duties and the authority of the Attorney General and his assistants are defined thus:

"They [the Attorney General and his assistants], or one of them, shall attend to, and have charge of all legal matters in which the State has an interest, or to

which the State is a party, with power and authority to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the State. They shall exercise supervision over the several district attorneys throughout the State, and perform all other duties imposed by law."

The provisions of Section 56 of Article VII of the Constitution are repeated, substantially, in Article 23 of the Code of Criminal Procedure, thus:

"The Attorney General and his assistants shall have power and authority to institute and prosecute, or to intervene in any proceeding, civil or criminal, as they may deem necessary for the assertion or protection of the rights and interests of the state; and furthermore, the Attorney General shall exercise supervision over all of the District Attorneys throughout the State and shall represent the state in criminal cases on appeal."

The duties and authority of the District Attorneys are defined in Articles 17, 18 and 19 of the Code of Criminal Procedure. Article 17, before it was amended, provided:

"Subject to the supervision of the Attorney-General, as hereinafter provided [in Article 23], the District Attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute; provided, that

every district attorney shall have the right to employ or to accept the assistance in the conduct of any criminal case of such counsel as to him may seem fit."

In Article 18 it is declared that the District Attorney is the representative of the public and the legal advisor of the grand jury, and that, *whenever required by the grand jury,* he shall attend their meetings for the purpose of examining witnesses or of advising the grand jury on any legal matter.

An important feature of Article 18 is that it does not make it the duty of the District Attorney to attend a meeting of the grand jury for the purpose of examining witnesses or of giving legal advice except "whenever required by the grand jury." This leaves an inference that the grand jury may request the Attorney General instead of the District Attorney to attend a session for the purpose of examining witnesses or of giving advice upon any legal matter.

In Article 19 it is declared that the District Attorney shall be allowed at all times to appear before the grand jury for the purpose of giving any information relating to any matter cognizable by them, but that the District Attorney shall not— nor shall any other person—be present during the deliberations or findings of the grand jury.

It is not contended by the defendants in these cases that the District Attorney was ever prevented from appearing before the grand jury for the purpose of giving information relating to any matter that was

under investigation. There was no violation of the provisions of Article 19 of the Code of Criminal Procedure on that subject.

By Act No. 24 of the First Extra Session of the Legislature of 1934, Article 17 of the Code of Criminal Procedure was amended by adding another proviso,—thus:

"Provided, further, that the Attorney General shall have power to relieve, supplant and supersede the District Attorney in any criminal proceeding, when he may deem it necessary for the protection of the rights and interests of the State, with full power to institute and prosecute criminal proceedings, and the discretion of the Attorney General under this Article shall not be questioned or inquired into by any court."

Counsel for the defendants contend—and the judge of the district court maintained —that the authority of the Attorney General "to relieve, supplant and supersede the District Attorney", is restricted to the right to relieve or supplant or supersede the District Attorney in a criminal prosecution already commenced by the District Attorney, and hence that the Attorney General has no authority to relieve or supplant or supersede the District Attorney as "the legal adviser of the grand jury" in its investigations. Counsel for the defendants contend—and the judge ruled—that the only kind of "criminal proceeding" in which the Attorney General has the right to relieve or supplant or supersede the District Attorney is that which is defined in Article 1 of the Code of Criminal Procedure, thus:

"A criminal proceeding is a prosecution instituted and carried on in the name of the State before a court of criminal jurisdiction for the purpose of bringing to punishment one who has violated a criminal law."

That is merely the definition of a criminal case pending in court; but it is not the only meaning of the term "criminal proceeding"; and it certainly is not the only kind of criminal proceeding in which the Attorney General has the right to intervene, or to relieve and supplant or supersede the District Attorney, under the provisions of Section 56 of Article VII of the Constitution and Articles 17 and 23 of the Code of Criminal Procedure. The phraseology of Section 56 of Article VII of the Constitution leaves no doubt about that; for it is declared there that the Attorney General has the power and authority to institute and prosecute or to intervene in any and all *suits or other proceedings,* civil or criminal; which is the same as to say that there are *other proceedings,* civil, or criminal, besides civil suits or criminal cases, which the Attorney General may institute and prosecute or intervene in. And in this connection it is declared that the Attorney General shall have charge of all legal matters in which the State has an interest or to which the State is a party, and that he shall exercise supervision over the several district attorneys throughout the State.

In the case of State v. Major, 181 La. 822, 160 So. 425, the Attorney General intervened and claimed the right to relieve and supplant the District Attorney in a

criminal prosecution which the latter had instituted and was ready and willing to proceed with. The District Attorney contended that in Section 56 of Article VII of the Constitution the Attorney General was given the right to intervene and relieve and supplant a District Attorney only in cases where the District Attorney was neglecting his duty, and that the Act No. 24 of the First Extra Session of 1934, so far as it purported to allow the Attorney General to relieve and supplant the District Attorney in a case where he was not neglecting his duty, extended the authority of the Attorney General beyond that which was conferred by Section 56 of Article VII of the Constitution, and was to that extent unconstitutional. But our ruling was that this amendment of the article of the Code of Criminal Procedure, by using the words "relieve", "supplant", and "supersede", did not really add anything to, but merely emphasized, the authority which was conferred upon the Attorney General by the provisions of Section 56 of Article VII of the Constitution—to institute or prosecute or to intervene in any criminal proceeding which the Attorney General might see fit to institute or prosecute or to intervene in. The word "intervene", as used in this section of the Constitution, and as applied to a criminal proceeding, has a commonplace meaning; it does not refer to the pleading called "intervention" in the Code of Practice. It is conceded—as in fact it must be conceded—that the Attorney General has the right to relieve and supplant a District Attorney by instituting a criminal prosecution by the filing of a bill of information.

There is no good reason why the Attorney General should have that right without having the right—if he prefers—to submit the matter of instituting the prosecution to the grand jury.

The right of the Attorney General to relieve and supersede a District Attorney as legal advisor of the grand jury, on the request of the grand jury, was recognized in the case of State ex rel. De Armas et al. v. Platt, Judge, 193 La. 928, 192 So. 659. The question in that case was whether the conduct of two grand jurors, who persisted in reading to the judge—after he had forbidden them to read—a criticism of the district attorney and a request for the judge to designate an outside attorney to relieve and supersede the district attorney as legal advisor of the grand jury, was a sufficient cause for the judge to remove the two offending grand jurors. In deciding the question it was not out of order for the court to observe—and the court did observe —that if there was sufficient cause for the District Attorney to be relieved and superseded as legal advisor of the grand jury the latter should have requested the Attorney General to relieve and supersede the District Attorney as legal advisor of the grand jury. On pages 990 and 991 of 193 La. and on page 679 of 192 So., is this declaration:

"If the District Attorney and his staff were guilty of such misconduct and neglect of duty, which did not constitute a crime, nor a ground for their removal or impeachment, they might be superseded by the Attorney-General under the provisions of Act No. 24 of 1934, 1st Ex. Sess."

Again, on page 993 of 193 La. and page 680 of 192 So. is this declaration:

"These charges, if proved to be true, might be sufficient reasons to justify the Attorney-General in superseding the District Attorney."

In two cases of later date, presenting exactly the same issues and arguments that are made in the present cases, we decided unanimously that the Attorney General had the right, under authority of Section 56 of Article VII of the Constitution and Article 23 of the Code of Criminal Procedure, to relieve and supersede the District Attorney as legal advisor of the grand jury when requested so to do by the grand jury. We refer to the case entitled In re Request of the St. Bernard Parish Grand Jury for the Supersession of the District Attorney by the Attorney General, No. 36,117 of the docket of this court, and the case entitled In re Request of the Plaquemine Parish Grand Jury for the Supersession of the District Attorney by the Attorney General, No. 36,127 of the docket of this court. These cases are not reported officially because they came up on the petition of the District Attorney for writs of certiorari to review a ruling of the judge of the district court and we refused to grant even a rule to show cause. The reason which we gave in each case, for refusing to grant a writ or a rule to show cause, was that the ruling complained of, in which the judge of the district court affirmed the right of the Attorney General to relieve and supersede the District Attorney, was correct; and in support of the ruling we cited Section 56 of Article VII of the Constitution and Article 23 of the Code of Criminal Procedure—thus: "Writs refused, ruling correct. Sec. 56, Art. 7 of the Constitution of 1921, and Art. 23 Code of Criminal Procedure." The first of these two cases was filed on February 11 and was disposed of on February 13, and the second case was filed on February 13 and was disposed of on February 14, 1941. The record in the eight cases which we are now considering was filed in this court on February 12, 1941; and we had in mind when we made the ruling in the St. Bernard case and in the Plaquemine case that the same issues which we were deciding then would be tendered again when these eight cases would come up for argument on appeal. There is therefore nothing new in the arguments made in these cases. Ordinarily, a ruling by which this court refuses to grant a supervisory writ to review a judgment or ruling of another court— even when this court states as its reason for the refusal that the judgment or ruling complained of is correct—is not deemed to be as good authority as a precedent as if this court had decided the case after granting a writ, or had decided the case on appeal. But the circumstances in which we made the ruling in the St. Bernard case and in the Plaquemine case make the ruling very persuasive if not controlling in the present cases. In the case of Carrere v. City of New Orleans, 162 La. 981, loc.cit. 1015, 111 So. 393, loc.cit. 405, we pointed out that, since the Constitution has required, in Article VII, Section 2, that an appellate court shall state its reason or reasons, when it refuses to grant a supervisory writ or writ of review, now when

the Supreme Court refuses to grant a writ and declares its reason to be that the judgment or ruling complained of is correct, "it may be said that the Supreme Court affirms or at least approves the decision" or ruling complained of. Twice, therefore, we affirmed or at least approved the ruling of the judge of the district court in St. Bernard and in Plaquemine parish that the Attorney General had the right to relieve and supersede the District Attorney as legal advisor of the grand jury, over the protest of the District Attorney, when the Attorney General was requested by the grand jury so to relieve and supersede the District Attorney.

▇ The judge of the district court, in the reasons which he gives for quashing these indictments, stresses the point that, in the second paragraph of Act No. 24 of the First Extra Session of 1934, the Legislature amended also Article 156 of the Code of Criminal Procedure so as to confer specifically upon the Attorney General the right—which theretofore was conferred specifically upon "any district judge or district attorney"—to summon and interrogate witnesses before some judge or justice of the peace when informed that a crime or misdemeanor had been committed and no complaint had been made before any judge or justice of the peace. In this amendment the Legislature added a proviso declaring that the Attorney General should have the right "to intervene and to relieve, supplant and supersede the District Attorney in any such proceeding instituted by such district attorney". The judge reasons

that this proviso would not have been added if the members of the Legislature had believed that the Attorney General already had the right "to intervene and to relieve, supplant and supersede the District Attorney" in a proceeding such as a grand-jury investigation. That argument loses force when we consider that the adding of the proviso was not the only change that was made by the amending statute, in the provisions of Article 156 of the Code of Criminal Procedure. Among other changes that were made by the amending act, the phrase "Whenever the Attorney General or any district attorney shall be informed that a crime or misdemeanor has been committed" was substituted for the phrase "Whenever any district judge or district attorney shall be informed that a crime has been committed". Perhaps this substitution of the Attorney General for a district judge is what suggested the proviso, declaring that the Attorney General might intervene and relieve and supplant and supersede the District Attorney in any such proceeding instituted by him. It is more likely that the purpose of this proviso in the amending statute was that there should be no possible doubt about the right of the Attorney General to intervene in and to take exclusive charge of any such proceeding that might be instituted by a district attorney. At any rate, we do not find that this proviso in the statute amending Article 156 of the Code of Criminal Procedure is entitled to as much consideration as the judge of the district court gave to it, as a legislative interpretation of the law which the Legislature was amending.

Counsel for the defendants make the alternative argument that, if the court should hold that the Attorney General has the right to succeed the District Attorney as legal advisor of the grand jury, the Attorney General should not be allowed to serve in that capacity in an indefinite number of cases or for an indefinite term. We doubt that any one of the defendants in these cases should be concerned with the Attorney General's having served as legal advisor of the grand jury in relation to the case of any other of the defendants. The only one who might have been concerned with the extent to which the Attorney General served as legal advisor of the grand jury is the District Attorney. If he had complained the result would have been the same as when the District Attorney made the same complaint in the St. Bernard case and in the Plaquemine case.

 Counsel for the defendants make the further alternative argument that, if it should be held that the Attorney General has the right to relieve and supersede the District Attorney as legal advisor of the grand jury, the Attorney General should not be allowed to delegate that authority to one of his assistants. But the wording of Section 56 of Article VII of the Constitution makes it plain that the authority which is there conferred upon the Attorney General is conferred also upon any one of his assistants whom he may assign to the duty to be performed. Referring specifically to "the Attorney General and the assistants", it is declared that "They, or one of them, shall attend to, and have charge of all legal matters", and so forth. The only difference between the authority of the Attorney General and that of each of his assistants is that the Attorney General is the one to say whether he or one of his assistants, to be selected by him, shall exercise the authority conferred by Section 56 of Article VII of the Constitution, in any given instance.

The judgment appealed from in each of these eight cases is annulled and reversed; the motion to quash the indictment in each case is overruled; and the cases are ordered remanded to the district court for further proceedings consistent with the opinion which we have rendered.