HAMITER, Justice.
 

 Under a bill of information filed September 1, 1936, in cause No. 85,824 on the docket of Section “D” of the Criminal District Court of Orleans Parish, the defendant Delvaille H. Theard was charged with émbezzling $45,575 from the Phoenix Building and Homestead Association of New Orleans. No further step was taken in the prosecution until more than ten years later when, on March 11, 1947, he was arraigned and pleaded not guilty.
 

 
 *514
 
 Several days thereafter (March 25, 1947) the defendant, through his counsel, retracted his plea of not guilty and pleaded the prescription of three years under the provisions of Articles 8 and 9 of the Louisiana Code of Criminal Procedure. The plea of prescription was sustained, the prosecution was ordered dismissed, and, from the ruling, the State of Louisiana appealed.
 

 As originally enacted, and insofar as pertinent here, Article 8 of our Code of Criminal Procedure provided:
 

 “In felony cases when six years elapse from the date of finding an indictment, or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information or affidavit, it shall be the duty of the district attorney to enter a nolle prosequi if the accused has not 'been tried.
 

 “Nothing in this Article shall apply or extend to an accused person who has absconded, or who is a fugitive from justice, or who has escaped trial through dilatory pleas, or continuances obtained by him or in his behalf.”
 

 And Article 9 thereof recited: “Whenever it shall have been established to the satisfaction of any court in which any criminal prosecution shall be pending that the prescriptive periods as herein provided have elapsed since the last date upon which any steps shall have been taken by the state in such prosecution, and that the district attorney has not entered his nolle prosequi, the court shall order the dismissal of said prosecution, and the same shall not thereafter be revived; provided, that the prescription established in Art. 8 hereof shall be interrupted by the absence of the defendant from the jurisdiction of said court without the written consent of the court first obtained and entered upon the minutes, or filed in the record of the cause; provided, further, that the burden of proving the accruing of the prescription herein established shall in all cases rest upon the person alleging the same.”
 

 Article 9 has never been amended. Article 8, however, was amended and re-enacted in two separate acts of the Legislature of 1942, numbered respectively 147 and 323. Under Act No. 323 of 1942, which counsel for both the State and the accused concede is applicable to this cause, the above quoted original provisions of Article 8 were changed so as to read: “ ‘In felony cases when three years elapse from the date of finding an indictment or filing an information, and in all other cases when two years elapse from the date of finding an indictment, or filing an information, or affidavit, it shall be the mandatory duty of the district attorney to enter a nolle prosequi, if the accused has not 'been tried, and if the district attorney fail or neglect to do so, the Court may on motion of the defendant or his attorney cause such nolle prosequi entered the same as if entered by the district attorney. Provided that if at any time during said three or two year periods, respectively, the offender is a fugitive 'from jus
 
 *515
 
 tice, such prescriptive period shall be suspended and shall recommence. to run only from the date said offender is captured or surrenders.’ ”
 

 In opposing defendant’s plea herein, predicated on the provisions of said Article 8, as amended by Act No. 323 of 1942, and on said Article 9, the State contends that the running of the three year prescription was interrupted by an adjudication of defendant’s insanity in another criminal prosecution and that the arraignment herein was timely. In this connection it shows, and the record before us reveals, that on August 11, 1936 (several days prior to the filing of the information in the instant proceeding) the defendant was charged under another bill of information, in cause No. 85,517 on the docket of Section “A” of the Orleans Parish Criminal District Court, with the embezzlement of $40,000 from a Mrs. Georgine Denis Merrill. In that cause on December 13, 1937, he filed an application for the appointment of a lunacy commission, and on April 20, 1938, he was held to be presently insane. The impediment continued until May 11, 1944, at which time he was adjudged (in said Section “A”) to be presently sane, capable of understanding the proceedings against him, and able to assist in his defense. Thereafter, numerous other steps were taken in the course of the prosecution in said cause No. 85,517 (Section “A”), including a jury trial which resulted on February 25, 1947, in his acquittal of the charge.
 

 It is the State’s contention that the insanity proceedings (initiated almost fifteen and one-half months after the filing of the instant information), together with the adjudication thereon, effected an interruption (not a suspension) of the accruing prescription; and that since the three year period did not commence to run anew until the accused was judicially declared presently sane on May 11, 1944, the arraignment herein on March 11, 1947, was timely and legal.
 

 The defendant’s position, on the other hand, is that (1) no issue of insanity was ever created in this prosecution, and hence it was encumbent on the district attorney to call the accused for trial within three years from the date of the information’s filing or before September 1, 1939; and (2) if the insanity proceedings in' cause No. 85,517 (Section “A”) are applicable to this prosecution they provided only a suspension of the prescription, not an interruption.
 

 Clearly the first ground urged by defense counsel is without merit. An accused against whom there is in force and effect a judgment declaring him insane cannot be brought to trial. State v. Theard, 203 La. 1026, 14 So.2d 824. And, as was correctly said by the trial judge, “If the district attorney had moved to try Theard on the charge pending in this division [Section “D”] during his period of insanity, undoubtedly, Theard’s counsel would have pleaded his insanity as a bar to his trial. The district attorney cannot be required to
 
 *516
 
 do what is unnecessary and illogical.” (Brackets ours.)
 

 This leaves for consideration the question of whether the accused’s insanity proceedings effected a suspension (a destruction of prescription only during the period of insanity) or an interruption (a destruction of the prescription that had previously accrued, as well as prescription during the period of insanity). If only a suspension resulted, as defense counsel contends, the computation of the-three years must include the time elapsing between the filing of the information and defendant’s applying for the lunacy commission (one year, three months and thirteen days) ; and when it is added to the time which followed the decree of sanity (May 11, 1944) necessarily the conclusion is that the prosecution became barred by prescription in the early part ot the year 1946. But if the insanity proceedings resulted in an interruption, as the State insists occurred, the computation would embrace only the time elapsing from the date of the sanity decree to that of the arraignment which was less than three years.
 

 To determine the question thus posed the court, as the trial judge appropriately remarked, “must resort to logic and a sense of justicefor we have found no Louisiana statute and no reported opinions, either in our jurisprudence or that of other states, to offer guidance.
 

 In connection with the issue defense counsel, it is true, have cited and quoted from cases and text writers to the effect that under the common law once prescription has begun to run nothing can stop it, not even the insanity of the defendant. But when read with their context the cited authorities show clearly that the mentioned doctrine was being considered with reference to prescription as it related to the timely filing of an indictment or an information following the commission of the crime, and not to the bringing of an accused to trial after his being charged. They could not be applicable here, moreover, for this court in the former case of State v. Theard, supra, definitely held that insanity does stop the tolling of the prescription that runs following the filing of the information or indictment.
 

 Counsel for the State, on the other hand, call attention to our conclusion in cause No. 38,320 on the docket of this court wherein we refused on August 12, 1946, to grant remedial writs in the prosecution against this defendant in Section “A” to pass upon the same question presently before us. But, although it might be pursuasive here, such conclusion does not carry the effect as a precedent as it would had that case been decided after the granting of a writ or on an appeal. State v. Ardoin, 197 La. 877, 2 So.2d 633.
 

 Resorting now to logic and our sense of justice to determine the instant issue, it is to be noticed that under the civil law of our state whenever the course of prescription is hindered by minority or in
 
 *517
 
 sanity — causes beyond human design or control — the prescription is not interrupted and made to start anew at a later date; it it merely suspended or held up while the disability exists, and in computing the term of prescription there must be considered the time antedating the period of minority or insanity and that which follows. Where, however, the cessation results from some human activity, it is then treated usually as an interruption. This doctrine unquestionably is just and fair, and, although we realize that the rules of civil law are not controlling in criminal prosecutions, there appears good reason why it should and will be applied in this cause. If this defendant had stopped the running of prescription through some intentional and deliberate act on his part we, unhesitatingly, would declare it an interruption. But since the cessation here occurred by reason of an unfortunate circumstance over which he had no control, certainly it would be most unfair to impose the penalty of denying him the benefit of the almost sixteen months of prescription that accrued prior to his affliction. And this is especially true when it is remembered, as said in State v. Theard [203 La. 1026, 14 So.2d 824, 825], supra, that the purpose of Article 8, as amended, of the Code of Criminal Procedure “is to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite time as well as to prevent delays in the administration of justice by imposing on judicial tribunals an obligation of proceeding with reasonable dispatch in the trial of criminal accusations.”
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 McCALEB, J., concurs in the decree.