550 So.2d 179 (1989)
STATE of Louisiana
v.
Reven L. FONTENOT and Everette Alleman, Sr.
Nos. 89-K-0646, 89-K-0907.
Supreme Court of Louisiana.
October 20, 1989.
PER CURIAM.
Writ granted in part, denied in part. The Court of Appeal stated that reconsideration of the defendants' assignments of error complaining of the trial court's denial of their motion to suppress evidence was barred by its pretrial denial of supervisory review on these issues. The Court of Appeal's failure to address the serious questions involved in these assignments was an error of law. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and it does not bar consideration on the merits of the issue denied supervisory review, when appeal is taken from final judgment. State v. Guillot, 353 So.2d 1005, 1007 n. 1 (La.1977); State v. Smith, 322 So.2d 197, 204 n. 2 (La.1975); Gulf Utilities Co. v. Dixie Elec. Mem. Corp., 248 La. 458, 179 So.2d 637 (1965); State v. Theard, 212 La. 1022, 34 So.2d 248 (1948); cf. Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429, 448-449 (1964). Thus, the ruling denying supervisory writs does not bar reconsideration of the issue on appeal and there reaching a different conclusion as to it. State v. Smith, supra; Borden v. Louisiana State Board of Education, 168 La. 1005, 123 So.655 (1929); see also Coco v. Winston Industries, 341 So.2d 332 (La. 1977); Barham, The Importance of Writ Denial, 21 Loy.L.Rev. 835 (1975). The statements of the Court of Appeal to the contrary in this case and in State v. King, 520 So.2d 1260 (La.App. 5th Cir.1988), are expressly disapproved. Accordingly, the judgment of the Court of Appeal is vacated and the case is remanded to that court, which is instructed to consider and decide the issues presented by the defendants' assignments with written reasons and, if necessary, to modify its judgment to conform therewith. Otherwise, the writ is denied.
DENNIS, J., joins in the per curiam opinion but wishes to add the observation that it is apparently the consensus of the court that it desires the Court of Appeal to address, without being restricted thereto, the questions of whether the affidavit provided probable cause for the issuance of the search warrant and whether the warrant requirement of particularity was met. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Morris, 444 So.2d 1200 (La.1984); State v. Lingle, 436 So.2d 456 (La.1983); State v. Hughes, 433 So.2d 88 (La.1983); State v. Boneventure, 374 So.2d 1238 (La.1979); State v. Flood, 301 So.2d 637 (La. 1974), cert. denied, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975).