DUFRESNE, Judge.
The defendant, Tyrone Jenkins, was charged by Bill of Information with possession of cocaine in violation of LSA-R.S. 40:967. He pled not guilty and moved to suppress evidence which was denied by the trial court. He was tried by a jury and found guilty as charged. The trial judge sentenced the defendant to three (3) years at hard labor with credit for time served. This appeal followed and the defendant urges one assignment of error:
1. The trial court erred in denying the appellant’s motion to suppress.
We considered this assignment of error and find it without merit. We further reviewed the record for errors patent and found none. Accordingly, Jenkins’ conviction and sentence are affirmed.
FACTS
On the evening of December 1, 1988, Detective Joseph Williams of the Jefferson Parish Sheriff’s Office Task Force and his partner were patrolling the vicinity of the Chateau Ames Apartments on Ames Boulevard in Marrero. The two officers were specifically assigned to investigate reports of narcotics transactions occurring at the apartments. As the officers drove their marked police vehicle into a driveway leading to the rear of one of the apartment buildings, Detective Williams observed three or four black males standing under a tree near the building. Detective Williams saw that two of the men were engaged in what the officers described as a “transaction” involving an “exchange” of some type between the men. However, the police officer was unable to see what the two men were exchanging. Upon seeing the police vehicle approaching, the two men involved in the transaction alighted from the area and headed in the direction of one of the apartment buildings. Detective Williams got out of the police vehicle and pursued the two men on foot. He observed the two men during the entire course of the pursuit. Detective Williams, with the assistance of another police officer, finally stopped the two suspects behind an apartment building. As Detective Williams was patting down the defendant for weapons, Jenkins dropped a matchbox from his left hand to the ground. The officer picked up the matchbox and discovered that it contained several rocks which appeared to be cocaine. The defendant was then formally arrested. In a subsequent search, certain items of drug paraphernalia were discovered in Jenkins’ possession.
ASSIGNMENT OF ERROR
The defendant contends that the trial court committed error in denying the defense motion to suppress because the evidence at issue was obtained during an invalid, warrantless search. Jenkins argues that the officers did not have reasonable suspicion justifying the investigatory detention of the defendant.
The defendant’s assignment of error on appeal was previously before this court in a writ application filed by Jenkins. State v. Jenkins, No. 89-K-254 (La.App. 5th Cir. May 1, 1989). The court denied the writ, noting that the officers’ observation of a “transaction” in a known area of drug activity, coupled with the defendant’s flight, provided sufficient reasonable suspicion for the investigatory detention of the defendant. The Louisiana Supreme Court in State v. Fontenot, 550 So.2d 179 (La.1989) noted that “A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and it does not bar consideration on the merits of the issue denied supervisory review, when appeal is taken from final judgment.”
Accordingly, we have reviewed the record and here consider the merits of the defendant’s assignment of error regarding the denial of the suppression motion.
In the instant case the flight of the defendant and his companion buttressed the officer’s belief that what he had just observed had been a drug transaction. Furthermore the officer’s knowledge that a certain area is one of frequent criminal activity is a legitimate recognized factor which can be used to judge the reasonableness of the detention, State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986) and cases cited therein. Accordingly, the officer had *802 sufficient reasonable suspicion to effect an investigatory detention.
The scope of a search conducted during an investigatory detention is delimited by C.Cr.P. art. 215.1 which provides in pertinent part: “When a law enforcement officer has stopped a person for questioning pursuant to this article and reasonably suspects that he is in danger, he may frisk the outer clothing of such a person for a dangerous weapon. The facts here show that while Detective Williams was conducting his pat-down frisk of the defendant Jenkins dropped a matchbox from his hand to the ground.
We find under the facts of this case, Detective Williams had reasonable cause to detain the defendant and conduct a pat-down frisk for weapons. The dropping of the matchbox constituted an abandonment by the defendant and its seizure by the detectives was valid and justified. See State v. Andrishok, 434 So.2d 389 (La.1983).
The cocaine subsequently found in the matchbox was seized legally in a search incident to a lawful arrest.
This assignment of error lacks merit.
DECREE
For the foregoing reasons, we affirm the conviction and sentence of the defendant.
AFFIRMED.