TERRI F. LOVE, Judge.
11 John C. Broyard (“Mr. Broyard”) was charged with bail jumping, a felony offense pursuant to La. R.S. 14:110.1. Mr. Bro-yard filed a motion to quash the bill of information, alleging that the State failed to charge him with a crime punishable under a valid statute. In granting Mr. Broyard’s motion, the trial court found the statutory interpretation of La. R.S. 14:110.1 and in particular when a case is considered “pending” is dispositive of whether the motion to quash requires dismissal of the indictment regardless of the merits of the charge. The trial court concluded that a case is not pending until formal charges are instituted by the prosecution. In that the State failed to file formal charges against Mr. Broyard until April 15, 2014, the trial court found Mr. Broyard did not have a case pending as required by the bail jumping statute. As a matter of law, the trial court granted the motion to quash. The State appeals the trial court’s ruling contending the legislature intended La. R.S. 14:110.1 to apply to all defendants regardless of whether the State has filed formal charges or not. On de novo review, we find the trial court’s reading of La. R.S. 14:110.1 comports with a fair reading of the plain language of the statute as that language has been interpreted in other contexts by |2Louisiana jurisprudence and the Code of Criminal Procedure. Accordingly, we find no error in the trial court’s granting of Mr. Bro-yard’s motion to quash.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2014, Mr. Broyard was arrested on two counts of illegal possession of stolen things in violation of La. R.S. *798 14:69(A)., Mr. Broyard made his first appearances in magistrate court on January 27, 2014. The magistrate court set Mr. Broyard’s bond at $10,000.00 on each count and appointed the Orleans Parish Public Defender’s Office to represent him. On this date, Mr. Broyard was also served in open court to appear for a progress report on February 24, 2014.
Mr. Broyard posted bail according to the commercial surety bond on February 3, 2014, which indicated his next court'ordered appearance was scheduled for February 24, 2014. However, Mr. Broyard did not appear in magistrate court on that date, and an alias capias was issued. Following a status hearing held in magistrate court on April 3, 2014, the magistrate judge recalled the capias and issued a release for Mr. Broyard.
Thereafter, on April 15, 2014, the State filed a bill of information against Mr. Bro-yard, charging him with bail jumping in a felony case in violation of La. R.S. Í4:1Í0.1(C). • Mr. Broyard was arraigned on May 29, 2014, and he entered a plea of not guilty., On June 13, 2014, Mr. Broyard filed a motion to quash the bill of information., The State then filed a response. A hearing on the motion was held on July 17, 2014, wherein the trial court detei-mined that the issue before it was whether Mr. Broyard had a pending case at the time he failed to appear in ^magistrate court. Interpreting the statutory .language of La. R.S. 14:110.1, the trial, court found that “a ease is not pending until it is properly instituted via a bill of information, a bill of indictment, or an affidavit.” The trial court held:
... prior to April 15th of [2015], there was no bill of information or indictment returned against the defendant. The defendant simply had been arrested for the charges [of illegal possession of sto- , len things]. Since there was not prosecution instituted prior to April 15th, he had no pending case, as required by the statute.
Thus, in my opinion, the bill of information fails to charge the defendant with an offense which is punishable under a valid statute ... And just because some- ' one is arrested does not mean a case is pending. Because then there would be ■no end. People'would have their cases pending for the rest of their lives when people just get arrested for charges. And so there has to be something to institute a prosecution to make a case pending. So, for this reason, I am going to grant the defense motion to quash as to the felony bail jumping as to Mr. Broyard....
It is from this ruling that the State timely seeks appellate review.

STANDARD OF REVIEW

The State frames its assignment of error as whether the trial court abused its discretion. Mr. Broyard’s motion to quash, however, involves statutory interpretation, and when statutory terms are at issue the inquiry is one of law. Accordingly, “this [C]ourt in reviewing a motion to quash involving solely a legal issue, such as presented in the instant ease, applies a de novo standard of review.” State v. Hall, 13-0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (La.App. 4 Cir. 10/09/13) (citing State v. Guillott, 12-0652, p. 4 (La.App. 4 Cir. 2/20/13), 155 So.3d 551, 554; State v. Schmolke, 12-0406, p. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-99).

J¿DISCUSSION

In State v. Brooks, the Louisiana Supreme Court explained the method courts use to interpret statutes and their legislative intent:
The starting point in the interpretation of any statute is the language of the *799 statute itself. State v. Johnson, 2003-2993, p. 11 (La.10/19/04), 884 So.2d 568, 575. “When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded, under the pretext of pursuing its spirit.” La.Rev. Stat. § 1:4. Similarly, “[t]he articles of this Code cannot be extended by analogy so as to create crimes.not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its. provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La.Rev.Stat. § 14:3.
The purpose of statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law. Theriot v. Midland Risk Insurance Co., 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186. “Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute.” Theriot, 95-2895 at 3, 694 So.2d at 186. The best evidence of legislative intent or will is the wording of a statute. Johnson, 2003-2993 at 12, 884 So.2d at 575.
As stated by the court of appeal, criminal statutes are subject to strict construction under the rule of lenity. State v. Carouthers, 618 So.2d 880, 882 (La.1993). The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal. State v. Piazza, 596 So.2d 817, 820 (La.1992). The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited. Piazza, 596 So.2d at 820.
Id., 09-2323, p. 3-4 (La.10/19/10), 48 So.3d 219, 222.
The statute in question, as amended by Acts 2008, No. 54, § 1, provides.in pertinent part:
A. Jumping bail is the intentional failure to appear at the date, time, and place as ordered by the court before which the defendant’s case is pend- . ing. If the state proves notice has been given to the defendant as set forth in Code of Criminal Procedure ..Articles 322 and 344, a rebuttable presumption of notice shall apply, and the burden of proof shifts to the ■ defendant to show that he did not ^receive notice. The fact that no loss shall result to any surety or bondsman is immaterial.
La. R.S. 14:110.1(A) (emphasis added). Prior to the 2008 amendment, La. R.S. 14:110.1(A), provided that “[jlumping bail is the intentional failure to appear at such time and place as designated by the judge or committing magistrate who has fixed the amount of the bail bond ...” (emphasis added).[1]
In interpreting La. R.S. 14:110.1, relative to felony bail jumping, the trial court found that the instant matter is not “pending until it is properly instituted via a bill of information, a bill of indictment, or an affidavit.” The trial court determined that prior to April 15, 2014, the State failed to file formal charges against and Mr. Bro-yard was merely arrested for violation of *800 La. R.S. 14:69(A). Thus, because there was no prosecution instituted prior to April 15, 2014, Mr. Broyard had no pending case as required by La. R.S. 14:110.1.
First, the State argues that the trial court erred because it equated a “case” or “criminal proceeding” with a criminal prosecution. The State’s contention focuses on the interpretation and definition of “case” in La. R.S. 14:110.1. On appellate review, we find the State confuses what is to be interpreted. The term at issue in this matter is not “case,” but its limiting term “pending.”
Courts are tasked with interpreting statutes giving “effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed.” Montclair v. Ramsdell, 107 U.S. 147, 152, 2 S.Ct. 391, 394, 27 L.Ed. 431 (1883); BedRoc Ltd., LLC v. U.S., 541 U.S. 176, 186-87, 124 S.Ct. 1587, 1595, 158 L.Ed.2d 338 (2004); In re Hamilton, 446 So.2d 463, 464 (La.App. 4th Cir.2/9/84) (“It is presumed that the legislature understands the effect and the meaning of the words it uses in a statute.”).
The fact that the legislature chose to amend the bail jumping statute suggests its intent to limit its application to only those cases that are “pending.” This Court must not construe the words and phrases of a statute in a way that would suggest the legislature was ignorant of the meaning of the language it employed. Therefore, we must conclude that the legislature meant “case” in its most ordinary sense: “[a] civil or criminal proceeding, action, suit, or controversy at law or in equity.” Black’s Law Dictionary 243 (9th ed. 2004). Additionally, we agree with the State’s contention that “‘case’ refers to more than those judicial proceedings that occur only after a defendant is formally charged.” Where this Court finds no merit to the State’s argument is its suggestion that our analysis should stop with an interpretation of the term “case.” We find our analysis must go a step further because the legislature purposely included “pending” as a limiting term. “Pending” is an adjective defined as “[rjemaining undecided; awaiting decision <a pending case>.” Black’s Law Dictionary 1248 (9th ed. 2004). Mr. Broyard averred at the trial court level that “[i]n using this modifier, the legislature prescribed a discrete meaning for the term “case” that limits when a defendant can lawfully be brought before court and prosecuted for the felony offense of bail-jumping.” We find merit to Mr. Broyard’s contention.
An examination of the Code of Criminal Procedure demonstrates the legislature’s intent as it uses “case” without reference to “pending” throughout the Code. For example, nowhere in the articles pertaining to contempt (La.C.Cr.P.arts. 20-25) is their application limited to cases that are pending, like it does-in La. |7R.S. 14:110.1. Pursuant to La.C.Cr.P. arts. 20-25, a criminal defendant may be held in contempt at any stage of the criminal proceeding and not only after prosecution has been instituted. Given the legislature’s use of “case” in some sections of the Code of Criminal Procedure and “pending case” in other sections indicates, as Mr. Broyard contends, that the legislature did not intend the terms to be used synonymously.
Although there is no case law specifically addressing the statutory interpretation of La. R.S. 14:110.1, we find State v. Ardoin, 197 La. 877, 2 So.2d 633 (1941), supports Mr. Broyard’s reading of the statute. In Ardoin, the issue was whether the Attorney General had the authority to relieve and supersede the District Attorney as legal advisor of the grand jury. In *801 addressing this issue the Louisiana Supreme Court carefully examined the term “criminal proceeding” of the challenged statute.
The Court recognized that under the challenged statute “criminal proceeding” is a broad term that includes “any and all suits or' other 'proceedings, civil or criminal.” Id., 2 So.2d at 636 (emphasis- in original). Accordingly, the Court held that the Attorney General has the authority to intervene or relieve the District. Attorney in cases prior to the institution of the prosecution as well as act as legal advisor to the grand jury.
We acknowledge the fact that the Court in Ardoin was not specifically tasked with defining “case pending.” However, in addressing the scope of a criminal proceeding, the Court expressly recognized “the definition of a criminal case pending -in court.” Id., 2 So.2d at 635. The Court found that a pending case is a criminal proceeding wherein “prosecution is instituted and carried on in the name of the State before a court of criminal jurisdiction for the purpose of bringing to Ispunishment one who has violated a criminal law.” Id. The Louisiana Supreme Court simply acknowledged that a criminal case pending in court is but one type of criminal proceeding. For the purposes of Mr. Broyard’s motion to quash, we find the Court’s discussion of the definition of a pending case in Ardoin supports Mr. Bro-yard’s reading of La. R.S. 14:110.1, as adopted by the trial court. ■
Mr. Broyard points out the relationship between a criminal proceeding and prosecution is analogous to the relationship between a criminal case and a pending criminal case. A criminal proceeding, as the Court in Ardoin noted, is broad and all-inclusive in the same way the term “criminal case” is broad and all-inclusive. Likewise, a.proseeution and a pending criminal case is far limited in scope. Here, Mr. Broyard is not asking this Court to apply a narrow definition to the term “case,” but instead, he asks this Court “to take heed of the limiting adjective.”
Furthér,this reading of the bail jumping statute, unlike the State’s reading, comports with Louisiana’s well-settled law regarding the time limitations in which the State has to commence prosecution. La. C.Cr.P. art. 578 states that the commencement of prosecution begins to run from “the date of institution of the prosecution,” and not before. Thus, the trial court begins to calculate how long a case is pending from the date of a formal institution of prosecution, such as a bill of information or a bill of indictment, and ends When the defendant is convicted and sentenced or when the defendant is found not guilty of the alleged charges. State v. Kavanaugh, 203 La. 1, 13 So.2d 366, 379-80 (1943).(the pendency of defendant’s case discussed within the context of when the bill of indictment was filed and the defendant was convicted and sentenced). This principle of criminal law is widely recognized and comports with a reading of La. R.S. 14:110.1 as requiring the formal institution of prosecution.
19Considering the foregoing, we find the State’s reading of the statute creates a double standard in that it permits the State to choose between two competing statutory interpretations. Namely, the State’s reading of La. R.S. 14:110.1 is at odds with thfe largely held notion that statutory terms should be construed in a consistent manner. The State’s interpretation would encourage it to choose between a •broad or narrow construction when it is beneficial for the State. Therefore, when circumstances would give the State more time to prosecute, the State would likely argue for a narrow construction of “pending,” meaning a case is pending when-for *802 mal charges.are instituted. Yet when a narrow construction of “pending” would be advantageous for a defendant in that he is unable to violate the bail jumping statute, the State will likely argue, as it has in this case, that the legislature intended a broader construction.
La.C.Cr.P. art. 2 states that provisions of the Code of Criminal Procedure “shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.” A comparative analysis of the consequences that fall from accepting the State’s reading of La. R.S. 14:110.1 in light of La.C.Cr.P. art. 578 demonstrate the State’s interpretation of the bail jumping statute is- flawed. Finding La. R.S. 14:110.1 applies to defendants whether or not formal charges are filed, would do the opposite of “securing] simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.” La. C.Cr.P. art. 2. Applying La.C.Cr.P. art. 578 under the State’s interpretation of La. R.S. 14:110.1 proves that the State could choose between two competing interpretations to the detriment of the defendant, who relies on the consistent application of the Code of Criminal Procedure to protect his substantive and procedural rights. Therefore, we find the State’s reading of La. R.S. 14:110.1 | ^creates a double standard that conflicts with our statutory laws and the judiciary’s duty to interpret statutory terms in a consistent manner.
This Court also finds guidance in civil law- for the conclusion that La. R.S. 14:110.1 applies only in those instances where formal charges are instituted. In Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986), the Court held that “an action or suit is ‘pending’ from its inception until the rendition of final judgment.” The Hebert court consulted Black’s Law Dictionary (5th ed. 1979), which defined “pendency” as the “state of an action, etc.,- after it has begun and before the final disposition of it.” Id., 486 So.2d at 720. The holding in Hebert underscores the long-standing, principle in civil cases, that, the initiation of a case is the date of filing a petition, It follows by analogy that in criminal cases initiation of a cáse is the date formal charges are filed against an individual.
The State claims Mr. Broyard’s reading of the bail jumping statute applies a narrow construction of the law that does not comport with “good judicial practice.” However, the State “would have the terms ‘awaiting decision’ or.‘remaining undecided’ apply to the decision of the [State] or grand jury to initiate the case.” Mr. Bro-yard correctly points out that though these types of decisions may be described as “pending decisions,” they are not within the legal meaning of “pending case.” Moreover, the State discounts the fact that “one single piece of paper that formally accepts charges” can provide a bright line test for determining when a case is pending. We find the, State’s position ignores the formality of the judicial process and its procedures which are essential to protecting the substantive and procedural rights of the accused. Under-the State’s theory, this Court would no longer be required to give credence to Miranda warnings, search warrants, or arrest ^warrants. Therefore, we find the State applies a meaning that does not comport- with Louisiana’s accepted judicial practice. ■
Mr. Broyard does not -dispute that the magistrate court has the right to set a bond when a case is not yet pending -or hold an individual in custody before the State formally accepts charges. He merely argues that felony bail jumping applies only in cases where the judge has set a bond, the State has instituted formal charges, and the .accused has intentionally *803 failed to appear. Mr. Broyard points to the Louisiana Constitution as support for his reading of La. R.S. 14:110.1. La. Const, art. 1, § 18 does not state that the right to bail is granted to “pending cases.” The right attaches when an individual is charged with a crime, except in capital offenses; however, the regulations surrounding bail change based on. the circumstances of the casé. Thus, like the language granting a right to bail, the statute punishing bail jumping distinguishes between the contexts in which failure to appear is a felony offense.
Nevertheless, La. R.S. 14:3 states:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein;- however, in order to promote justice and'to effect the objects of the law, all of its provisions shall be given á genuine' construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision:
(emphasis added). In that the articles of the Code may not be extended by analogy to create crimes not provided for in the Code, La. R.S. 14:3 demonstrates the legislature’s intent to place limits on the State’s ability to prosecute. In the instant matter, the State seeks to extend by .analogy the bail jumping statute in pending cases to any instance in which an individual is arrested.- Hence, the trial court reasoning that the State’s reading of the bail jumping statute would lead to “no | iaend.” The trial court stated that “[pjeople would have their cases pending for the rest of their lives when people just get arrested for charges.” Additionally, the State asserts that the purpose of the bail jumping statute is to prevent a defendant’s failure to appear when ordered to dp so in a criminal proceeding. However, giving a genuine construction to the express language of La. R.S. 14:110.1, the purpose of the statute is to prevent a defendant’s failure to appear when ordered to do so in a pending case.
The State contends that acceptance of Mr. Broyard’s reading of the statute would lead to absurd consequences in that a defendant not formally charged would be treated differently than that of a formally charged defendant, who obligates himself in the same manner. The State further suggests that the bail jumping statute, as interpreted by Mr. Broyard, would be unenforceable against many. .We disagree and find no absurd results would follow from accepting Mr. Broyard’s statutory interpretation.
The Code of Criminal Procedure already recognizes that a person who willfully fails to appear in court, after having been ordered to do so, do not, as the State argues, “simply” , avoid the consequences of his or her actions absent the applicability of the bail jumping statute. See La.C.Cr.P. arts. 20-25; State v. Williams, 93-0251 (La.App. 4 Cir. 5/26/94), 637 So.2d 1230, 1236 (defendant was charged -with theft of goods less than $100 and failed to appear-for trial and trial court found defendant guilty of contempt and sentenced him to six- months imprisonment). In fact, the provisions of the code relating to contempt offer several possible consequences for failing to appear including: finding the person guilty of contempt, sentencing the person to six .months in jail, or imposing a fine up to $500. La.C.Cr.P. art, 25(B). As Mr. Broyard notes, “[t]hat the legislature may |1ahave chosen, as a matter of sound, reasonable policy, to reserve the more serious felony penalties for failure to appear for those persons who have actually and formally been charged with a serious crime.is anything but absurd.”
*804 Even assuming there is merit to the State’s argument, which we find there is not, the statutory language of La. R.S. 14:110.1 is at best ambiguous and the meaning of a “case [that] is pending” cannot be discerned with certainty. Thus, “[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them.” United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008). State v. Williams, 12-0110, p. 6 (La.App. 4 Cir. 10/10/12), 101 So.3d 533, 536 (quoting State v. Brown, 03-2788, p. 5 (La.7/6/04), 879 So.2d 1276, 1280). Consequently, the rule of lenity mandates that any ambiguity in the statutory construction of La. R.S. 14:110.1 should be construed in Mr. Bro-yard’s favor.

DECREE

Based on the foregoing reasons, we find the State’s claim that the legislature intended La. R.S. 14:110.1 to apply to defendants regardless of whether they have been formally charged with a crime is without merit. We find the legislature intended the bail jumping statute to apply only to defendants formally charged with a crime. -This interpretation of the statute follows a fair reading of the plain language of La. R.S. 14:110.1 as our reading is consistent with Louisiana jurisprudence and the statutory construction of similar language in other contexts found in the Code of Criminal Procedure. We find no error in the trial court’s finding that La. R.S. 14:110.1 does not apply to defendants, like Mr. Broyard, wherein the State has yet to file formal charges. Accordingly, the trial court’s judgment granting Mr. Broyard’s motion to quash is affirmed.
AFFIRMED

. Arguably, the State's interpretation of bail jumping statute would have merit under the previous version; however, for the reasons stated herein we find the State's interpreta.tion is not consistent with Louisiana jurisprudence and the statutory construction of similar - language in the Code of Criminal Procedure;