**STATE OF LOUISIANA**                *         **NO. 2019-KA-0519**

**VERSUS**                        *

                               **COURT OF APPEAL**

**DWAYNE GRIFFIN**            *

                               **FOURTH CIRCUIT**

                       *

                               **STATE OF LOUISIANA**

                 **\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 538-540, SECTION "L"
Honorable Franz Zibilich, Judge
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany G. Chase)

Leon Cannizzaro
District Attorney
Donna Andrieu
Chief of Appeals
Irena Zajickova
Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

      COUNSEL FOR DEFENDANT/APPELLANT

                                  **AFFIRMED**
                                 **SEPTEMBER 18, 2019**

This appeal stems from the trial court's denial of a motion to quash the bill of information filed by Defendant, Dwayne Griffin. Since there are no grounds to quash the bill of information, the trial court's ruling is affirmed.

**<u>FACTS AND PROCEDURAL HISTORY</u>**

In the instant case, Defendant was charged with one count of bail jumping, in violation of La. R.S. 14:110.1. Before the bail jumping charge, Defendant pled guilty as charged on October 4, 2017, to three drug possession offenses as part of a plea agreement. The agreement stipulated that upon successful completion of the District Attorney's Office Diversion Program, Defendant would be allowed to withdraw his guilty plea and the case would be dismissed.

After accepting the guilty plea, the trial court set a $2,500.00 pre-sentence bond in accordance with La. C.Cr.P. art. 312(E), and set the case for a "Diversion Review Hearing" on October 17, 2017. Defendant was given notice of the hearing date in open court. He later filed a Release on Recognizance (ROR) bond and was released from jail. However, on October 17, 2017, Defendant failed to appear for his scheduled hearing and an alias capias was issued.

In response to Defendant's failure to appear, on November 20, 2017, the State filed the instant bail jumping charge. The bill of information alleged that on October 17, 2017, Defendant committed the crime by "intentionally failing to appear in section "L" of Criminal District Court in State v. Dwayne Griffin, case number 535-802, a felony case."

Defendant remained at large until January 20, 2019, when he was arrested on the capias. He was subsequently sentenced to three years in the custody of the Louisiana Department of Corrections in the drug case. The sentence was suspended, and Defendant was ordered to serve two years active probation.

Later, Defendant filed a motion to quash the instant bill of information alleging that it failed to charge an offense punishable under a valid statute. After a hearing, the trial court denied the motion to quash. Defendant then entered a guilty plea, pursuant to *State v. Crosby*, 338 So.2d 584, 588 (La. 1976), reserving his right to appeal the trial court's ruling. As a result of his guilty plea in this case, the trial court sentenced Defendant to one year imprisonment and suspended the sentence, subject to one year active probation. This appeal followed.

## STANDARD OF REVIEW

"[T]his Court in reviewing a motion to quash involving solely a legal issue, such as presented in the instant case, applies a *de novo* standard of review." *State v. Broyard*, 14-1026 (La. App. 4 Cir. 12/23/15), 183 So.3d 796, 798 (citation omitted).

## DISCUSSION

On appeal, Defendant asserts that the trial court erred when it denied his motion to quash. He raises two major issues concerning the charge against him: the elements of the offense charged and double jeopardy.

2

La. C.Cr.P. art 532(5) provides that a motion to quash may be granted based on any grounds contained in Article 485, which states:

> If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured. The defect will be cured if the district attorney furnishes, within a period fixed by the court and not to exceed three days from the order, another bill of particulars which either by itself or together with any particulars appearing in the indictment so states the particulars as to make it appear that the offense charged was committed by the defendant, or that there is no ground for quashing the indictment, as the case may be.

In *State v. Byrd*, 96-2302 (La. 3/13/98) 708 So.2d 401, the Louisiana Supreme Court addressed the purpose and the limits of a motion to quash as follows:

> A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 *et. seq.*; *State v. Rembert*, 312 So.2d 282 (La.1975); *State v. Patterson*, 301 So.2d 604 (La.1974).
>
> In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. *State v. Gerstenberger*, 260 La. 145, 255 So.2d 720 (1971); *State v. Masino*, 214 La. 744, 750, 38 So.2d 622 (1949) ("the fact that defendants may have a good defense is not sufficient grounds to quash the indictment").

**ELEMENTS OF THE OFFENSE CHARGED**

Concerning the first issue, the elements of the offense charged, Defendant argues that the bail jumping charge was not committed because two elements

3

under La. R.S. 14:110.1 were not present. Specifically, he argues: 1) the drug case was not pending; and 2) there was no active bond.

La. R.S. 14:110.1 provides in pertinent part:

> A. Jumping bail is the intentional failure to appear at the date, time, and place as ordered by the court before which the defendant's case is **pending**. If the state proves notice has been given to the defendant as set forth in Code of Criminal Procedure Articles 322 and 344, a rebuttable presumption of notice shall apply, and the burden of proof shifts to the defendant to show that he did not receive notice. The fact that no loss shall result to any surety or bondsman is immaterial. (emphasis added).

## PENDENCY OF THE CASE

As to the first element, Defendant submits that his case was concluded when he pled guilty. Thus, he contends that there was no "pending" case on October 17, 2018, when the crime was alleged to have been committed as required by La. R.S. 14:110.1. A case is pending from the date charges are filed and ends when the defendant is convicted **and sentenced**, or when the defendant is found not guilty of the alleged charges. *Broyard*, 14-1026, p. 8, 183 So.3d at 801 (citation omitted) (emphasis added).

In this case, the bill of information alleges that Defendant jumped bail by intentionally failing to appear in court on October 17, 2017. The record further reflects that the Defendant was not sentenced in the drug case until January 23, 2019. Thus, since the bill of information alleges that Defendant jumped bail before he was sentenced, his drug case was still pending.

In support of his argument that the case was closed, Defendant relies on the trial court's statements during his guilty plea colloquy. In particular, Defendant points to the following portion of the colloquy:

> Mr. Griffin, you are not going to get sentenced. What I have here is a guilty plea. There is no sentence and hopefully there will

4

never be any sentence. Who controls whether there will be a sentence is you. You have entered into a contract with the State of Louisiana. It is real simple. The contract which you have entered into with them of which I have no part by the way. My part is now over with. The contract you entered into with the State of Louisiana is that you will successfully complete their diversion program. If you do, your lawyer comes back in here and I tear this up. This guilty plea goes away as [if] it never happened.

Contrary to Defendant's argument, a review of the plea colloquy does not suggest that his drug case was closed. The trial court's statements during the plea colloquy simply conveyed that if he successfully completed the Diversion Program, he would not be sentenced. However, the trial court also explained that if he did not successfully complete the diversion program, he would return for sentencing.

Here, the record reflects Defendant did not complete the Diversion Program and did not appear for his status hearing on October 17, 2017, after receiving notice in open court. Since sentencing was deferred, Defendant's case was, in fact, pending, as required by La. R.S. 14:110.1, when he failed to appear for his status hearing.

**BOND**

As to the second element, Defendant argues that there was no active bond to violate. He contends that once he was convicted, his original bond was satisfied. He further suggests that there was no active pre-sentencing bond because a sentencing hearing was not set. La. C.Cr.P. art. 312(E) provides that "[a]fter conviction and before sentence, bail shall be allowed if the maximum sentence which may be imposed is imprisonment for five years or less."

Defendant alleges that because no date had been set for sentencing, the ROR bond was not for his sentencing, rather it was for diversion. However, the lack of a

5

hearing date specific for sentencing is of no moment. Moreover, there is nothing in the record to reflect that the bond was to ensure participation in the Diversion Program.

After Defendant entered his guilty plea in the drug case, the court set a pre-sentencing bond, as required by law. At that point, Defendant was awaiting sentencing. Under these circumstances, Defendant's ROR bond was active and enforceable at the time of the instant offense.

Accordingly, there was both a pending drug case and an active bond associated with that case. For these reasons, the record supports the conclusion that the elements of the bail jumping statute, as alleged in the bill of information, were present in this case.

## DOUBLE JEOPARDY

Concerning the second issue, Defendant argues that double jeopardy prohibits him from being punished for the instant offense. The Fifth Amendment to the United States Constitution and Article I Section 15 of the Louisiana Constitution of 1974 prohibit the government from twice placing a person in jeopardy for the same conduct. The protections against double jeopardy mandated by the federal constitution, as restated in the Louisiana constitution, fall within the analytical framework set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Louisiana courts need only apply that framework in analyzing questions of double jeopardy. *State v. Frank*, 16-1160, p. 10 (La. 10/18/17), 234 So.3d 27, 33-34. Under the *Blockburger* test, a defendant can be convicted of two offenses arising out of the same criminal incident if each crime contains an element not found in the other. *Frank*, 16-1160, p. 4, 234 So.3d at 30.

In this case, there are two distinct offenses, with no common elements. Defendant submits that he was punished twice for the same conduct: failing to appear for the diversion program. He notes that as per the terms of his plea agreement, he was sentenced in the original case to probated sentences, as a consequence of his failing to appear for the Diversion Program. He further claims that he was charged with bail jumping also as a consequence of his failing to appear for the Diversion Program.

Defendant's contention is misplaced because neither of his sentences were a consequence for failing to complete diversion. First, Defendant was sentenced in the drug case to probated sentences as punishment for his having possessed illegal narcotics. Second, Defendant was punished in this case for failing to appear in court. As the State aptly noted, "if the defendant had appeared in court on October 17, 2017 and informed the court that he had decided not to participate in the diversion program, he would not have been subject to bail jumping charges." Under *Blockburger*, there is no obstacle to convicting defendant of, and punishing him for, a drug offense, as well as bail jumping in conjunction with missing his court date for the initial drug offense. Accordingly, there is no double jeopardy violation.

## CONCLUSION

Under the foregoing facts, Defendant has not established grounds to quash the bill of information. For these reasons, we do not find that the trial court erred in denying Defendant's motion to quash the bill of information. Accordingly, the Defendant's conviction and sentence are affirmed.